UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| ROBERT KALMAN, PRO SE | : | CIVIL ACTION NO. |
| *Plaintiff* | : | 3:03CV671 (DJS) |
| | : | |
| v. | : | |
| | : | |
| ROBERT BERGER, JONH RYAN, | : | |
| JANET WILLIAMS, SYLVIA CANCELA | : | |
| SUSAN BLAIR | : | |
| *Defendants* | : | OCTOBER 28, 2003 |

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT

The plaintiff's amended complaint dated August 20, 2003 begins with a preliminary statement, which is not part of the amended complaint. Therefore, the defendants are not responding to it. To the extent that the Court determines such a statement requires a response, the defendants leave the plaintiff to his proof.

1. Paragraph 1 of the amended complaint is admitted.

2. As to paragraph 2 of the amended complaint, the defendant admits that Dr. Alexander Carre testified the plaintiff has "remained throughout his hospitalization – actually part of it, polite and cooperative, maintaining a quiet routine on the unit, and generally has not been a management problem."

3. Paragraph 3 of the amended complaint is admitted to the extent that Dr. Carre testified that he had not been able to diagnose the plaintiff with any disorder or illness that qualifies as a defense to criminal conduct pursuant to Connecticut General Statute 53a-13.

4. Paragraph 4 of the amended complaint is admitted to the extent that Dr. Carre testified that the plaintiff's mental status had remained stable after a rather long period without medication until May or June of 2002, when a different picture of Mr. Kalman emerged: "He

began to engage the treatment team in a one upmanship, questioning the decisions made, minimizing the validity of othersmade, and not respecting his own boundaries."

5. Paragraph 5 of the Amended Complaint is admitted to the extent that Dr. Carre testified that "maybe" Dutcher Hall could better address the needs of the plaintiff.

6. Paragraph 6 of the amended complaint is admitted.

7. Paragraph 7 of the amended complaint is admitted to the extent that Dr. Sabita Rati had been with the plaintiff for two months and she testified that it is "the practice to observe them for approximately six months before we recommend a transfer to the Board" and she requested additional time with the plaintiff.

8. Paragraphs 8 and 9 of the amended complaint are admitted.

9. Paragraphs 10, 11, and 12 of the amended complaint are denied.

10. Paragraph 13 of the Amended Complaint is denied.

11. Paragraph 14 of the amended complaint is admitted to the extent that Connecticut General Statutes § 17a-599 reads "At any time the court or the board determines that the acquittee is a person who should be confined, it shall make a further determination of whether the acquittee is so violent as to require confinement under conditions of maximum security. Any acquittee found so violent as to require confinement under conditions of maximum security shall not be confined in any hospital for psychiatric disabilities or placed with the Commissioner of Mental Retardation unless such hospital or said commissioner has the trained and equipped staff, facilities or security to accommodate such acquittee." To the extent that paragraph 14 deviates from the statute, it is denied.

12. Paragraph 15 of the amended complaint is denied.

13. Paragraphs 16 and 17 of the amended complaint are denied.

## AFFIRMATIVE DEFENSES

1. The plaintiff's claims are barred by the doctrine of abstention.

2. The claims against the defendants are barred by sovereign immunity.

                **DEFENDANTS**
                **ROBERT BERGER**
                **JOHN RYAN**
                **JANET WILLIAMS**
                **SYLVIA CANCELA**
                **SUSAN BLAIR**

RICHARD BLUMENTHAL
ATTORNEY GENERAL

Richard J. Lynch
Assistant Attorney General

BY: _____
Henry A. Salton
Assistant Attorney General
Federal Bar No. 07763
55 Elm Street
P.O. Box 120
Hartford, CT  06141-0120
Tel: (860) 808-5210
Fax: (860) 808-5385

## **CERTIFICATION**

I hereby certify that a copy of the foregoing *Defendants' Answer and Affirmative Defenses* was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 28th day of October, 2003 first class postage prepaid to:

Robert Kalman, Pro Se
Whiting Forensic Division
70 O'Brien Dr.
Middletown, CT  06457

_____
Henry A. Salton
Assistant Attorney General

4