# STATUTORY PROVISIONS

# TABLE OF CONTENTS

General Statutes Section 17a-580............................................................. p # 3

General Statutes Section 17a-581..............................................................p # 4

General Statutes Section 17a-583..............................................................p # 5

General Statutes Section 17a-584..............................................................p # 6

General Statutes Section 17a-585..............................................................p # 7

General Statutes Section 17a-596..............................................................p # 8

General Statutes Section 17a-599..............................................................p # 9

General Statutes Section 17a-602..............................................................p # 10

**REGULATIONS OF CONNECTICUT STATE AGENCIES**

Regs., Conn. State Agencies Sec. 17a-581-2, Definitions .......p # 11, 12, 13

Regs., Conn. State Agencies Sec. 17a-581-24, Hearings..................p # 14

Regs., Conn. State Agencies Sec. 17a-581-41, Principal issues before the board....................................................................................................p # 15

Regs., Conn. State Agencies Sec. 17a-581-44, Confinement in maximum security.................................................................................................p # 16

Regs., Conn. State Agencies Sec. 17a-581-56, Transfers by department of mental health or department of mental retardation........................p # 17

Illinois Statutes Sec., 405 ILCS 5/2-102, [Care and services; religious objections].............................................................................................p # 18

**General Statutes § 17a-580. Definitions**

As used in sections 17a-581 to 17a-602, inclusive, and this section:
(1) "Acquittee" means any person found not guilty by reason of mental disease or defect pursuant to section 53a-13;
(2) "Board" means the Psychiatric Security Review Board established pursuant to section 17a-581;
(3) "Conditional release" means release subject to the jurisdiction of the board for supervision and treatment on an outpatient basis and includes, but is not limited to, the monitoring of mental and physical health treatment;
(4) "Court" means the Superior Court;
(5) "Danger to himself or others" includes danger to the property of others;
(6) "Hospital for mental illness" means any public or private hospital, retreat, institution, house or place in which a person with psychiatric disabilities or drug-dependent person is received or detained as a patient, but does not include any correctional institution of the state;
(7) "Mental illness" includes any mental illness in a state of remission when the illness may, with reasonable medical probability, become active;
(8) "Mental retardation" means mental retardation as defined in section 1-1g;
(9) "Person who should be conditionally released" means an acquittee who has psychiatric disabilities or is mentally retarded to the extent that his final discharge would constitute a danger to himself or others but who can be adequately controlled with available supervision and treatment on conditional release;
(10) "Person who should be confined" means an acquittee who has psychiatric disabilities or is mentally retarded to the extent that his discharge or conditional release would constitute a danger to himself or others and who cannot be adequately controlled with available supervision and treatment on conditional release;
(11) "Person who should be discharged" means an acquittee who does not have psychiatric disabilities or is not mentally retarded to the extent that his discharge would constitute a danger to himself or others;
(12) "Psychiatrist" means a physician specializing in psychiatry and licensed under the provisions of sections 20-9 to 20-12, inclusive;
(13) "Psychologist" means a clinical psychologist licensed under the provisions of sections 20-186 to 20-195, inclusive;
(14) "State's attorney" means the state's attorney for the judicial district wherein the acquittee was found not guilty by reason of mental disease or defect pursuant to section 53a-13;
(15) "Superintendent" means any person, body of persons or corporation, or the designee of any such person, body of persons or corporation, which has the immediate supervision, management and control of a hospital for mental illness and the patients therein.

**Sec. 17a-581. (Formerly Sec. 17-257b). Psychiatric Security Review Board. Membership. Meetings. Regulations.** (a) There is hereby established a Psychiatric Security Review Board which shall be an autonomous body within the Department of Mental Health and Addiction Services for administrative purposes only. The board shall consist of six members who shall serve for a term of four years and shall be appointed by the Governor with the advice and consent of either house of the General Assembly, except that of the members first appointed to the board: (1) One shall serve for a term ending June 30, 1987; (2) two shall serve for terms ending June 30, 1988; (3) two shall serve for terms ending June 30, 1989; and (4) one appointed pursuant to subdivision (6) of subsection (b) of this section shall serve for a term ending June 30, 1999.
(b) The membership shall be composed of: (1) A psychiatrist experienced with the criminal justice system and not otherwise employed on a permanent basis by the state; (2) a psychologist experienced with the criminal justice system and not otherwise employed on a permanent basis by the state; (3) a person with substantial experience in the process of probation; (4) a member of the general public; (5) an attorney who is a member of the bar of this state; and (6) a member of the general public with substantial experience in victim advocacy.
(c) No employee of the Division of Criminal Justice or the Public Defender Services Commission shall be a member of the board.
(d) The Governor at any time may remove any member for inefficiency, neglect of duty or malfeasance in office.
(e) A member of the board not otherwise employed full-time by the state shall be paid seventy-five dollars for each day during which the member is engaged in the performance of official duties. In addition, subject to sections 4-15 and 5-141c regulating travel and other expenses of state officers and employees, the member shall be reimbursed for actual and necessary travel and other expenses incurred in the performance of official duties.
(f) Subject to any applicable provision of sections 5-193 to 5-268, inclusive, the board may hire employees to assist in the performance of its duties under sections 17a-580 to 17a-602, inclusive.
(g) A majority of the members of the board constitutes a quorum for the transaction of business. Hearings shall be held before members of the board.
(h) The board shall meet at least twice every month, unless the chairman determines that there is not sufficient business before the board to warrant a meeting at the scheduled time. The board shall also meet at other times and places specified by the call of the chairman or of a majority of the members of the board.
(i) No member of the board shall be personally liable for damage or injury caused in the discharge of his duties. Any person having a complaint for such damage or injury shall present it as a claim against the state under the provisions of chapter 53.
(j) The board may adopt in accordance with chapter 54 such regulations as may be necessary to carry out the purposes of sections 17a-580 to 17a-602, inclusive.

**Sec. 17a-583. (Formerly Sec. 17-257d). Initial hearing by board after commitment.**
(a) The board shall conduct a hearing to review the status of the acquittee within ninety days of an order committing the acquittee to the jurisdiction of the board, provided, if the court has recommended consideration of conditional release, the board shall, absent good cause shown, conduct a hearing to review the status of the acquittee at its next regularly scheduled meeting.
(b) At any hearing held pursuant to this section, the board shall make a finding and act pursuant to section 17a-584.

**Sec. 17a-584. (Formerly Sec. 17-257e). Finding and action by board. Recommendation of discharge. Order of conditional release or confinement.** At any hearing before the board considering the discharge, conditional release or confinement of the acquittee, except a hearing pursuant to section 17a-592 or subsection (d) of section 17a- 593, the board shall make a finding as to the mental condition of the acquittee and, considering that its primary concern is the protection of society, shall do one of the following:

(1) If the board finds that the acquittee is a person who should be discharged, it shall recommend such discharge to the court pursuant to section 17a-593.

(2) If the board finds that the acquittee is a person who should be conditionally released, the board shall order the acquittee conditionally released subject to such conditions as are necessary to prevent the acquittee from constituting a danger to himself or others.

(3) If the board finds that the acquittee is a person who should be confined, the board shall order the person confined in a hospital for psychiatric disabilities or placed with the Commissioner of Mental Retardation for custody, care and treatment.

**Sec. 17a-585. (Formerly Sec. 17-257f). Periodic review by board.** The board shall conduct a hearing and review the status of the acquittee not less than once every two years. At such hearing the board shall make a finding and act pursuant to section 17a-584.

**Sec. 17a-596. (Formerly Sec. 17-257q). Board hearing procedures.** (a) Prior to any hearing by the board concerning the discharge, conditional release or confinement of the acquittee, the board, acquittee and state's attorney may each choose a psychiatrist or psychologist to examine the acquittee. The results of the examination shall be in writing and filed with the board, and shall include, but need not be limited to, an opinion as to whether the acquittee is a person with psychiatric disabilities or mentally retarded to the extent that his release would constitute a danger to himself or others and whether the acquittee could be adequately controlled with treatment as a condition of release. To facilitate examination of the acquittee, the board may order him placed in the temporary custody of any hospital for psychiatric disabilities or other suitable facility or placed with the Commissioner of Mental Retardation.
(b) The board shall consider all evidence available to it that is material, relevant and reliable regarding the issues before the board. Such evidence may include but is not limited to the record of trial, the information supplied by the state's attorney or by any other interested party, including the acquittee, and information concerning the acquittee's mental condition and the entire psychiatric and criminal history of the acquittee.
(c) Testimony shall be taken upon oath or affirmation of the witness from whom received.
(d) Any hearing by the board, including the taking of any testimony at such hearing, shall be open to the public. At any hearing before the board, the acquittee shall have all the rights given a party to a contested case under chapter 54. In addition to the rights enumerated thereunder, the acquittee shall have the right to appear at all proceedings before the board, except board deliberations and to be represented by counsel, to consult with counsel prior to the hearing and, if indigent, to have counsel provided, pursuant to the provisions of chapter 887, without cost. At any hearing before the board, copies of documents and reports considered by the board shall be available for examination by the acquittee, counsel for the acquittee and the state's attorney. The confidentiality of these reports shall be determined pursuant to sections 52-146c to 52-146j, inclusive.
(e) Upon request of any party before the board, or on its own motion, the board may continue a hearing for a reasonable time not to exceed sixty days to obtain additional information or testimony or for other good cause shown.
(f) At any hearing before the board, the acquittee, or any applicant seeking an order less restrictive than the existing order, shall have the burden of proving by a preponderance of the evidence the existence of conditions warranting a less restrictive order.
(g) A record shall be kept of all hearings before the board, except board deliberations.
(h) Within twenty-five days of the conclusion of the hearing, the board shall provide the acquittee, his counsel, the state's attorney and any victim as defined in section 17a- 601 with written notice of the board's decision. If there is no victim or the victim is unidentified or cannot be located, the board shall be relieved of the requirement of providing notice to the victim.

**Sec. 17a-599. (Formerly Sec. 17-257t). Confinement under conditions of maximum security.** At any time the court or the board determines that the acquittee is a person who should be confined, it shall make a further determination of whether the acquittee is so violent as to require confinement under conditions of maximum security. Any acquittee found so violent as to require confinement under conditions of maximum security shall not be confined in any hospital for psychiatric disabilities or placed with the Commissioner of Mental Retardation unless such hospital or said commissioner has the trained and equipped staff, facilities or security to accommodate such acquittee.

**Sec. 17a-602. (Formerly Sec. 17-257w). Applicability of sections 17a-580 to 17a-601, inclusive.** (a) Unless otherwise prohibited by law, sections 17a-580 to 17a-601, inclusive, apply (1) to any person who, on or after July 1, 1985, is found not guilty by reason of mental disease or defect pursuant to section 53a-13, and (2) to any person who, prior to July 1, 1985, was found not guilty by reason of mental disease or defect, or guilty but not criminally responsible, pursuant to section 53a-13, and who, on July 1, 1985, is confined, temporarily confined, or otherwise subject to court supervision pursuant to section 53a-47 of the general statutes, revision of 1958, revised to January 1, 1985.
(b) For the purposes of sections 17a-580 to 17a-601, inclusive, and this section, the terms "acquittee" and "person found not guilty by reason of mental disease or defect" include a person found guilty but not criminally responsible pursuant to section 53a-13 of the general statutes, revision of 1958, revised to January 1, 1983.
(c) All persons confined as a danger to themselves or others pursuant to section 53a-47 of the general statutes, revision of 1958, revised to January 1, 1985, shall be deemed committed to the jurisdiction of the board on July 1, 1985, and for the remainder of the term of commitment. Any such person may apply to the board for conditional release or to the court for discharge in the same manner as any person committed to the jurisdiction of the board on or after July 1, 1985.
(d) Any person subject to temporary confinement on July 1, 1985, pursuant to section 53a-47 of the general statutes, revision of 1958, revised to January 1, 1985, shall be confined for examination and a hearing pursuant to section 17a-582.

## **REGULATIONS**

*Regs., Conn. State Agencies § 17a-581-2*

REGULATIONS OF CONNECTICUT STATE AGENCIES

\* THIS DOCUMENT IS CURRENT THROUGH THE 7/30/02 ISSUE OF THE CONN. LAW JOURNAL \*

TITLE 17a SOCIAL AND HUMAN SERVICES AND RESOURCES
PSYCHIATRIC SECURITY REVIEW BOARD
GENERAL OPERATIONS AND PROCEDURES

Regs., Conn. State Agencies § 17a-581-2 (2002)

Sec. 17a-581-2. Definitions

   (a) As used in Section 17a-581-1 through Section 17a-581-57 inclusive, the following definitions shall apply unless otherwise required by a specific statute.

(1) "PSRB" or "Board" means the Psychiatric Security Review Board of the State of Connecticut established by Sections 17a-581 of the General Statutes.

(2) "Acquittee" means any person who is found not guilty by reason of mental disease or defect pursuant to Section 53a-13 of the General Statutes and placed under the jurisdiction of the PSRB by the Court, or any person who was found not guilty by mental disease or defect, or guilty but not criminally responsible, pursuant to Section 53a-13 of the General Statutes and who, on July 1, 1985, was subject to Court supervision pursuant to Section 53a-47 of the General Statutes.

(3) "Court" means the Superior Court.

(4) "Hospital" or "hospital for mental illness" means any public or private hospital, retreat, institution, house, or place in which a mentally ill or drug dependent person is received or detained as an acquittee, but does not include any correctional institution of the state.

(5) "Mental illness" means any mental illness or mental disease as defined by the current Diagnostic and Statistical Manual of Mental Disorders of the American Psychiatric Association and as may hereafter be amended. This definition includes any mental illness in a state of remission which may become active with reasonable medical probability.

(6) "Danger to self or to others" means the risk of imminent physical injury to others or self, and also includes the risk of loss or destruction of the property of others.

(7) "Temporary leaves" means any period of time authorized by the Board pursuant to Section 17a-587 of the General Statutes, during which an acquittee is off the grounds of the hospital for therapeutic purposes and is not accompanied by hospital staff or an acquittee is temporarily out of the custody of the Commissioner of Mental Retardation for therapeutic purposes.

(8) "Conditional release" means release from a hospital or custody of the

Commissioner of Mental Retardation with supervision and treatment provided on an outpatient basis as designated and ordered by the PSRB. A conditionally released acquittee remains under the jurisdiction of the PSRB.

(9) "Person who should be conditionally released" means an acquittee who is mentally ill or mentally retarded to the extent that his final discharge would constitute a danger to himself or others but who can be adequately controlled with available supervision and treatment on conditional release.

(10) "Person who should be confined" means an acquittee who is mentally ill or mentally retarded to the extent that his discharge or release from the hospital on conditional release would constitute a danger to himself or others, and who cannot be controlled adequately with available supervision and treatment on conditional release.

(11) "Person who should be discharged" means an acquittee who is not mentally ill or mentally retarded to the extent that his discharge would constitute a danger to himself or others.

(12) "Psychiatrist" means a physician specializing in psychiatry and licensed under the provisions of Sections 20-9 to 20-12, inclusive, of the General Statutes.

(13) "Psychologist" means a clinical psychologist licensed under the provisions of Sections 20-186 to 20-195, inclusive, of the General Statutes.

(14) "State's Attorney" means the State's Attorney for the judicial district wherein the acquittee was found not guilty by reason of mental disease or defect pursuant to Section 53a-13 of the General Statutes.

(15) "Superintendent" means any person, body of persons or corporation, or the designee of any such person, body of persons or corporation, which has the immediate supervision, management and control of a hospital for mental illness and the acquittees therein.

(16) "Quorum" means a majority of Board members.

(17) "Statutory hearing" or "hearing" means a procedure of the Board which is conducted as a contested case pursuant to Chapter 54 of the General Statutes in which an application for temporary leave, conditional release, confinement, modification or revocation of conditional release, discharge, continued confinement or a review of status pursuant to Sections 17a-580 through 17a-602, inclusive, of the General Statutes is heard by the Board.

(18) "Administrative meeting" means any meeting of the Board where a quorum is present for the purpose of considering Board administrative and policy matters.

(19) "Conference" means a process other than a hearing of the Board where a quorum is present and an application for a temporary leave, an application for or motion for consideration of discharge, or a petition for order of continued commitment is considered by the Board. Conference decisions will be based upon the Board's consideration of the administrative records from prior proceedings concerning the particular acquittee, as well as the information contained in the application, motion or petition before the Board.

(20) "Conditional Release Supervisor" means the person or agency designated by the PSRB to supervise and report to the PSRB on the progress of the acquittee and conformance by the acquittee to the conditional release plan.

(21) "Conditional Release Provider" means the person or agency designated by the PSRB to treat the acquittee while on conditional release. This person or agency shall report to the PSRB.

(22) "Mental Retardation" means mental retardation as defined in Section 1-1g of the General Statutes.

*Regs., Conn. State Agencies § 17a-581-24*

REGULATIONS OF CONNECTICUT STATE AGENCIES

\* THIS DOCUMENT IS CURRENT THROUGH THE 7/30/02 ISSUE OF THE CONN. LAW JOURNAL \*

TITLE 17a SOCIAL AND HUMAN SERVICES AND RESOURCES
PSYCHIATRIC SECURITY REVIEW BOARD
GENERAL OPERATIONS AND PROCEDURES

Regs., Conn. State Agencies § 17a-581-24 (2002)

Sec. 17a-581-24. Hearings

Hearings shall be conducted as contested cases in accordance with Chapter 54 of the Connecticut General Statutes. The rules of evidence shall be as prescribed in Section 4-178 of the Connecticut General Statutes, Section 17a-596 of the General Statutes and these regulations.

*Regs., Conn. State Agencies § 17a-581-41*

REGULATIONS OF CONNECTICUT STATE AGENCIES

\* THIS DOCUMENT IS CURRENT THROUGH THE 7/30/02 ISSUE OF THE CONN. LAW JOURNAL \*

TITLE 17a SOCIAL AND HUMAN SERVICES AND RESOURCES
PSYCHIATRIC SECURITY REVIEW BOARD
GENERAL OPERATIONS AND PROCEDURES

Regs., Conn. State Agencies § 17a-581-41 (2002)

Sec. 17a-581-41. Principal issues before the board

At any hearing before the Board, issues considered shall be limited to those relevant to the purposes of the hearing and included in the notice of hearing. A request to raise new issues shall be made to the Board in writing ten days prior to the hearing. If the Board at its discretion grants a request to raise new issues, it may continue the hearing to consider the issues and obtain additional evidence and testimony.

*Regs., Conn. State Agencies § 17a-581-44*

REGULATIONS OF CONNECTICUT STATE AGENCIES

* THIS DOCUMENT IS CURRENT THROUGH THE 7/30/02 ISSUE OF THE CONN. LAW JOURNAL *

TITLE 17a SOCIAL AND HUMAN SERVICES AND RESOURCES
PSYCHIATRIC SECURITY REVIEW BOARD
GENERAL OPERATIONS AND PROCEDURES

Regs., Conn. State Agencies § 17a-581-44 (2002)

Sec. 17a-581-44. Confinement in maximum security

The Board may order a person confined in a maximum security setting if the Board finds that the acquittee poses a danger to self or others such that a maximum security setting is required.

**Sec. 17a-581-44. Confinement in maximum security**

The Board may order a person confined in a maximum security setting if the Board finds that the acquittee poses a danger to self or others such that a maximum security setting is required.

Effective May 21, 1992

**Sec. 17a-581-56. Transfers by department of mental health or department of mental retardation**

(a) In the absence of an order of the Court or the Board, no acquittee shall be involuntarily transferred from an nonmaximum security setting to a maximum security setting unless the continued presence of the acquittee in a nonmaximum security setting poses an immediate threat to the safety or well-being of any person.

(b) The PSRB will hold a hearing on a transfer of an acquittee for whom a maximum security confinement order has not been issued by the Court or the Board which results in the confinement of the acquittee in a maximum security setting in the following cases:

(1) A hearing will be held at the next regularly scheduled PSRB meeting date following a transfer if the acquittee does not voluntarily agree to the transfer and sign a waiver to a hearing.

(2) A hearing will be held if the acquittee who voluntarily agreed to the transfer and waived the initial hearing remains in maximum security confinement for more than six months.

(3) A hearing will be held if within the first six months of maximum security confinement an acquittee who voluntarily agreed to the transfer requests a transfer to a less restrictive setting and the Department of Mental Health staff or Commissioner of Mental Retardation does not recommend such a transfer.

(c) The Department of Mental Health or Commissioner of Mental Retardation will inform the PSRB in writing of all transfers of acquittees within seven days.

   (1) If an acquittee is voluntarily transferred to Whiting Forensic Institute, a copy of the voluntary consent and hearing waiver statement must be forwarded to the PSRB within seven days.

   (2) Notice to the PSRB of an involuntary transfer to Whiting Forensic Institute must be made by the next working day.

   (3) Transfers between hospitals of the same restrictive setting type may occur without any PSRB action. PSRB must be notified of the transfer within seven days.

   (d) Where an acquittee has an order from the Court or the PSRB specifying confinement in a maximum security setting that acquittee cannot be transferred without approval of the PSRB or the Court.

Effective May 21, 1992

ILLINOIS COMPILED STATUTES ANNOTATED
Copyright © 2002 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

405 ILCS 5/2-102 (2002)

[Prior to 1/1/93 cited as: Ill. Rev. Stat., Ch. 91 1/2, para. 2-102]

§ 405 ILCS 5/2-102. [Care and services; religious objections]

Sec. 2-102. (a) A recipient of services shall be provided with adequate and humane care and services in the least restrictive environment, pursuant to an individual services plan. The Plan shall be formulated and periodically reviewed with the participation of the recipient to the extent feasible and the recipient's guardian, the recipient's substitute decision maker, if any, or any other individual designated in writing by the recipient. The facility shall advise recipient of his or her right to designate a family member or other individual to participate in the formulation and review of the treatment plan. In determining whether care and services are being provided in the least restrictive environment, the facility shall consider the views of the recipient, if any, concerning the treatment being provided. The recipient's preferences regarding emergency interventions under subsection (d) of Section 2-200 [405 ILCS 5/2-200] shall be noted in the recipient's treatment plan.

## CERTIFICATION

I hereby certify that a copy of the forgoing <u>Statutory Provisions</u> was mailed in accordance with Rule 5 (b) of the Federal Rules of Civil Procedure on this 29th, day of October 2003 to:

Richard J. Lynch
Assistant Attorney General
55 Elm Street, P. O. Box 120
Hartford, CT 06141 – 0120

*[signature]*
Robert Kalman, Pro se,