UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

| | | |
|---|---|---|
| ROBERT KALMAN, | : | PRISONER |
| Plaintiff, | | |
| V. | : | Civil Action No. 3:03cv671 (DJS) (TPS) |
| ROBERT BERGER, et al., | : | |
| Defendants, | | November 9, 2003 |

## STATEMENT OF UNDISPUTED FACTS

Pursuant to Rule 9(c) 1 of this court's Local Rules of Civil Procedure, the plaintiff Robert Kalman, submits the following list of undisputed facts that entitle him to summary judgement on his ADA, claim of the denial to the plaintiff access to services, opportunities, programs and activities enjoyed by others in the least restrictive setting.

1. On January 10, 2003 defendants Robert Berger, John Ryan, Janet Williams, Silvia Cancela and Susan Blair, held a hearing pursuant to the provisions of Connecticut General Statutes, Section 17a-583. On February 21, 2003 defendants Robert Berger, John Ryan, Janet Williams, Silvia Cancela and Susan Blair, issued a memorandum of decision finding that plaintiff "Robert Kalman is so violent that he requires confinement within a maximum-security setting"

1

2. The defendant Robert Berger, John Ryan, Janet Williams, Silvia Cancela and Susan Blair stated in the Memorandum of decision that "Further the Board orders that the confinement of Robert Kalman be under maximum-security conditions." Pursuant to Connecticut General Statues, Section 17a-599, defendant Robert Berger, John Ryan, Janet Williams, Silvia Cancela and Susan Blair ordered the plaintiff confined to the Whiting Forensic Institute. The plaintiff is presently confined under the most restrictive setting at the Institute under conditions of maximum-security.

3. The plaintiff is deprived of appropriate treatment services consistent with his individual clinical status, by having been wrongfully classified by defendants as "so violent" and by having been ordered confined in a maximum-security facility in a restrictive classification setting that deprives plaintiff of increasing levels of freedom and responsibility equal to civilly committed patients, and other patients committed to the jurisdiction of the defendants.

4. Plaintiff is deprived of increasing levels of freedom not allowing him unsupervised on-campus passes, employment opportunities afforded to

civilly committed patients, and other patients committed to the jurisdiction of the defendants.

5. Plaintiff is denied the opportunity to exercise personal autonomy and responsibility for as much of his daily activities as clinically appropriate, in that he is restricted to levels of freedom that only allow him to go only in the Institute courtyard regardless of his individual clinical status.

6. Plaintiff is not allowed to go on off campus rehabilitative or leisure activities afforded to civilly committed patients and other patient's committed to the jurisdiction of the defendants.

7. Plaintiff is not allowed consideration for temporary leaves, and is not eligible to be considered for transition into the community.

8. Plaintiff's confinement at the Institute under the most restrictive setting severely diminishes his everyday life activities, including family relations, social contacts, economic independents, and of ethnic cultural enrichment.

October 29, 2003

Respectfully submitted,

*[signature]*

Robert Kalman
Whiting Forensic Institute
P. O. Box 70 O'Brien Drive
Middletown, CT 06457-0070

## CERTIFICATION

I hereby certify that a copy of the forgoing <u>Statement of Undisputed Facts,</u> was mailed in accordance with Rule 5 (b) of the Federal Rules of Civil Procedure on this 9th, day of November 2003 to:

Richard J. Lynch
Assistant Attorney General
55 Elm Street, P. O. Box 120
Hartford, CT 06141 – 0120

*[signature]*
Robert Kalman, Pro se,