UNITED STATES DISTRICT COURT FILED
DISTRICT OF CONNECTICUT

2003 NOV 12 P 5:40

| ROBERT KALMAN, | : | PRISONER |
| Plaintiff, | | US DISTRICT COURT |
| V. | : | Civil Action No. 3: 03cv 671 |
| | | (DJS) (TPS) |
| ROBERT BERGER, et al., | : | |
| Defendants, | | November 9, 2003 |

## DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGEMENT

ROBERT KALMAN declares under penalty of perjury:

1. I am the pro se, plaintiff in the above captioned civil action. The complaint alleges that I was ordered confined to the most restrictive setting in a maximum-security facility by the defendants Robert Berger, John Ryan, Janet Williams, Sylvia Cancela and Susan Blair after a finding by defendants that I am "so violent" that I need custody, care and treatment in accordance with Connecticut General Statute Section 17a-599.

2. Following a trial before a jury of six, on October 30, 2001, the jury found that I was not criminally responsible by reason of mental disease or defect. Following the jury's verdict, the Honorable Lubbie Harper, Jr, committed me to the custody of the Commissioner of the DMHAS, and on 10/30/2001, I was admitted to the Whiting Forensic Institute for a

1

diagnostic evaluation to determine if I suffer from a psychiatric disability that would render me an imminent danger to my self or to others.

3. The diagnostic team had established that my mental condition reflects a primary diagnoses of substance dependence on Axis: I. Adult Antisocial Personality Disorder under Axis: II.

4. The diagnostic team applied the International Classification of Diseases Ninth Revision, Clinical Modification (ICDM-9-CM), "V 71.01" to my Axis: II, condition. The forensic Psychiatrist Dr. Carre and the Diagnostic Team had found no symptoms of psychosis or mania and discontinued the psychotropic medications that I was taking. Attached to this Declaration is a copy of "CVH-**490 INTEGRATED CLINICAL SUMMARY AND CASE FORMULATION,** as Exhibit # 1, ( pursuant to Conn. Gen. Stat. Sec., 17a-582,)

5. During my stay on unit # 3 Dr. Carre also wrote "Progress Notes" in my CVH-WFD, clinical record and one of such progress notes is attached to this Declaration as Exhibit # 2.

6. On January 10, 2003, Dr. Carre testified before the Connecticut Psychiatric Security Review Board and his testimony revealed that I could be placed in a least restrictive setting. Dr. Carre also stated that the

diagnostic team did not discover any significant mental disorder. (See Exhibit A).

7. Dr. Sabita Rathi my psychiatrist at the time of the hearing stated that my mental condition is intact and I was not a management problem. Dr. Rathi concurred in diagnosis with Dr. Carre and with the Whiting Forensic Diagnostic Team's finding.

8. Defendant Robert Berger quoted a report of Dr. Peter Zeman on the record. Dr. Zeman's report also provided that I can be productively placed in a less restrictive setting. (See Exhibit B, report from Dr. Zeman M.D. dated July 18th, 2002).

9. At the hearing on January 10, 2003, there was no testimony provided that I suffer from a psychiatric disability to the extent that I would constitute a danger to others or myself. The finding of the treatment professionals and all the clinical evidence supporting those findings, at most, demonstrates a possibility that I might decompensate into dissociative condition, upon the disinhibiting effects of alcohol and cocaine, should I resume their use, and while in such a state, might possibly present a risk of danger to harm myself or others.

10. None of the testimony provided at the Hearing on January 10, 2003 stated that I am so violent that I need to be confined under the most

restrictive setting under maximum-security conditions in accordance with Connecticut General Statute Section 17a-599. In fact I was never violent toward any individual in this facility even when I was faced with the probability to be attacked by another resident.

11. On February 21st, 2003, the defendants issued a Memorandum of Decision, ordering me confined to the maximum-security setting of Whiting Forensic Institute. The Memorandum of Decision issued on February 21, 2003 states that Robert Kalman "is so violent that he requires confinement within a maximum-security setting."

12. I am confined in a maximum-security facility, under the most restrictive conditions and this deprives me of services in the least restrictive setting. I am denied rights, privileges, opportunities and advantages enjoyed by others in the most integrated setting. My confinement in the present setting deprives me the right to liberty to be free from undue restraint, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

13. I am deprived of appropriate treatment services consistent to my individual clinical status. I am deprived of increasing levels of freedom consistent with my mental status and I am aloud only in the Institute

courtyard and I am not considered for equal opportunities, advantages, and privileges, enjoyed by civilly committed citizens and other PSRB patients at CVH. I am wrongfully classified and considered to be "so violent" by having been ordered confined to Whiting. I am automatically placed in mechanical restraints (hand cuffs, shackles and into a transport belt) when I am taken to a medical appointment or to the Middlesex County Hospital Emergency Room. I am not allowed consideration for temporary leaves and due to my confinement at Whiting I am not eligible to be recommended or considered for transition into the community.

14. My confinement in the Institute severely diminishes my every day life activities, including family relations, social contacts and I am being deprived of the opportunity to engage in gainful employment, economic independence.

15. I am confined to a facility designated for individuals who are considered to be disabled to the extent that they are considered an imminent danger. I have seen numerous violent acts since the date of my commitment.

16. For the reasons stated in the brief submitted with this motion, these undisputed facts establish that the defendants Robert Berger, John Ryan Janet Williams, Sylvia Cancela and Susan Blair, denied my right to equal services and considerations provided to civilly committed citizens or

other PSRB patients. Accordingly, I am entitled to summary judgement on my ADA claim.

Pursuant to 28 U.S.C., Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

November 9, 2003

*[signature]*
Robert Kalman
Whiting Forensic Institute
70 O'Brien Drive
Middletown, CT 06457
Tel: (860) 346 9408

## CERTIFICATION

I hereby certify that a copy of the forgoing <u>Declaration in Support of Plaintiff's Motion for Summary Judgement</u>, was mailed in accordance with Rule 5 (b) of the Federal Rules of Civil Procedure on this 9th, day of November 2003 to:

Richard J. Lynch
Assistant Attorney General
55 Elm Street, P. O. Box 120
Hartford, CT 06141 – 0120

                                              Robert Kalman, Pro se,