UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2003 DEC -3  P 5:59

| | | |
|---|---|---|
| **ROBERT KALMAN,** | : | PRISONER |
| *Pro Se, Plaintiff,* | | US DI... |
| V. | : | Civil Action No. 3: 03cv 671 |
| | | (DJS) (TPS) |
| **ROBERT BERGER, et al.,** | : | |
| *Defendants,* | | *November 29, 2003* |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANTS MOTION FOR EXTENSION OF TIME

### STATEMENT OF THE CASE

This action was brought to this Honorable Court as a Declaratory Judgement filed under the American with Disabilities Act, Title II, 28 C.F.R., Sec., 35.172, the Federal Declaratory Judgements Act, 28 U.S.C., Sec., 2201, and pursuant the Civil Rights Act, 42 U.S.C., Sec., 1983. This action involves no claim for monetary damages of any kind.

### BACKGROUND AND STATEMENT OF THE FACTS

The plaintiff, following a trial before a jury of six, the jury found the plaintiff not criminally responsible by reason of mental disease or defect. Defendants Robert Berger, John Ryan, Janet Williams, Sylvia Cancela and Susan Blair, after an Initial Commitment Hearing, held pursuant Conn. Gen. Stat. Sec., 17a-583 ordered the plaintiff confined under the most restrictive conditions at Whiting Forensic Institute. On January 10, 2003, the defendants held the Initial Commitment Hearing pursuant to Sec., 17a-583, where two medical experts testified and concluded that plaintiff could be placed productively and appropriately in a less restrictive and more integrative setting. On February 21, 2003, defendants issued a Memorandum of Decision ordering the plaintiff confined

1

within a maximum-security setting. The <u>Memorandum of Decision</u> issued by defendants on February 21st, 2003 states that Robert Kalman **"is so violent that he requires confinement within a maximum-security setting."** The finding and order was clearly erroneous in view of the reliable, probative and substantive evidence on the record, and thereby depriving the plaintiff of the due process of law. Plaintiff is denied the benefits of services, activities, opportunities, advantages, and rights enjoyed by others in the least restrictive setting. The extent to which the defendants have construed "so violent as to require confinement under conditions of maximum security" to include the plaintiff within the class of individuals to which it applies, violates Amendment Fourteenth of the United States Constitution.

## **FACTUAL BASIS RELIED UPON AND PERTINENT FACTS**.

Undersigned plaintiff filed this action pro se, on April 11, 2003 and service was completed on the 9th, day of May 2003. Assistant Attorney General, Richard J. Lynch filed an Appearance on behalf of the defendants on June 5, 2003, and moved for an extension of time. Undersigned plaintiff amended his complaint on August 25th, 2003, and defendants had moved for an Objection that was not granted. Defendants moved for additional extensions of time and plaintiff moved for discovery on September 2, 2003. Defendants Janet Williams and Susan Blair, each moved for an extension of time to respond to plaintiff's discovery. However, defendants Robert B. Berger, John Ryan and Sylvia Cancela had not moved for an extension nor did they respond to discovery.

2

On October 28, 2003, defendants filed their Answer to the Amended Complaint and the defendants Answer allowed pro se, plaintiff to move the case forward by moving for Summary Judgment.

Accordingly, plaintiff is permitted to move for Summery Judgement pursuant to Rule 56 of Federal Rule of Civil Procedure. On November 11, 2003, plaintiff received a letter from Ass. Att. Gen., Kerry Anne Colson, see Exhibit A, attached to the defendants Motion To Stay Discovery, 11/24/03, now pending before the Court.

Ass. Att. Gen., Colson was not a Counsel appearing on the record. *In fact*, Ass. Att. Gen., Colson entered appearance as Counsel for defendants Berger, Ryan, Williams, Cancela and Blair on the "21 st day of November 2003." Ass. Att. Gen. Colson appeared next to Ass. Att. General Richard J. Lynch and Henry A. Salton. Defendant's request in their <u>Motion To Extension Of Time To Respond To Plaintiff's Motions For Summary Judgement,</u> that an extension of time shall be granted until such time as discovery has been completed. The plaintiff objects to the extent that the extension shall not be granted based on discovery. Moreover, pro se, plaintiff objects on the ground that defendants failed to argue the existence of genuine issues as to any material fact. Plaintiff's position is that as the moving party is entitled to summery judgement as a matter of law. Furthermore, plaintiff objects on the grounds that defendants are directly involved in the violation of plaintiff's civil rights. **Defendants are in possession of the facts, as they ordered the plaintiff confined pursuant to Conn. Gen. Stat. Sec. 17a –583, 17a-584 and 17a-599.**

3

## ARGUMENT

## FACTUAL DISPUTES THAT ARE IRELEVENT OR UNECESARY WILL NOT BE COUNTED

Undersigned pro se, plaintiff argues before the Honorable Court, that defendants motion requesting *"an extension of time until discovery has been completed"* underscores the criteria proscribed in Rule 56 (c) of the Federal Rules of Civil Procedure, see also **Plaisance v. Phelps, 845 F. 2d 107, 108 (5th Cir. 1988)**. In the present case pending before the bench in this Court, the record is very clear and plaintiff is entitled to judgement as a matter of law. A **"material"** fact is one that **"might effect the outcome of a suit under the governing law.... Factual disputes that are irrelevant or unnecessary** *will not be counted"* **Anderson v. Liberty Lobby, Inc., 477 U.S. at 248; Murphy v. Dowd, 757 F. Supp. 1019, 1022 (E. D. Mo. 1990).** The evidence as put before the Court is clear and indisputable; see Plaintiff's Exhibit **A & B** and compare it to **Conn. Gen. Sat. Sec., 17a-599 and/or Conn. State Agencies Regulation 17a-581-44.**

The facts are clear, the Court should allow the case to move forward because the Court can grant Summary Judgement on the whole case or on part of the case. **Richardson v. Coughlin, 763 F. Supp. 1228 (S. D. N. Y. 1991) (Granting summary judgment to plaintiff on one issue and to the defendants on one issue, and denying it on a third issue); e.g., Bellany v. McMickens, 692 F. Supp. 205, 210 – 12 (S. D. N. Y. 1988)(summary judgment granted to supervisory officials, denied to officials directly involved in incident); Scott v. Coughlin, 727 F. Supp. 806, 810 (W. D. N. Y.**

4

1990); see <u>Petterson v. Coughlin,</u> 905 F. 2d 564, 570 – 71 (2d Cir. 1990)(affirming **summary judgement on liability but reversing summary judgement on damages because of factual dispute over the amount of damages).**

The Court should decide the defendants Motion for Extension of Time not based on Discovery but rather on the evidence on the record. The facts are properly put before the bench and plaintiff's Exhibit A, contains the testimony of medical professionals that was provided under Oath. The evidence stands strong and clear and this is the evidence that defendants considered in confining the plaintiff under conditions of maximum-security. Defendants are also in possession of evidence that they considered in their order thereby defendants are personally involved in the deprivation of the plaintiff's civil rights. <u>Johnson v. Glick</u>, 481 Fd 1028 (2nd Cir. 1973); <u>Howell v. Cataldi</u>, 464 F2d 272 (3 rd Cir. 1972); <u>Inmates of Attica Correctional Facility v. Rockefeller</u>, 453 F2d (2nd Cir. 1971); <u>Tomarkin v. Ward</u>, 534 F. Supp. 1224 (S. D. N. Y. 1982); <u>Martinez v. Rosado,</u> 614 F2d 829 (2d Cir. 1980); <u>Skevofilax v. Quigley</u>, 586 F. Supp. 532 (D. N. J. 1984).

Defendants are aware of the facts, they ordered the plaintiff confined pursuant to Conn. Gen. Stat. Sec. 17a –599. Defendants should dispute the facts in a Motion for Summary Judgement in Opposition rather by moving for an extension based on discovery. As Judge Nevas wrote in <u>D. P. Technology</u>, "**[A] court is under duty to determine whether a plaintiff has a valid claim under any possible theory.**" <u>**D. P. Technology Corp. v. Sherwood Tool, Inc.,**</u> **supra., 751 F. Supp. 1039.** Plaintiff has set forth-Constitutional Due Process grounds, which are readily ascertainable on the

5

reasonable reading of the complaint. The plaintiff was Acquitted by a jury and not convicted of the underlying offense, he was found not guilty by reason of mental disease or defect. Defendants ordered plaintiff confined under the most restrictive conditions at Whiting Forensic Institute absent a recommendation for confinement in maximum security. Continued confinement constitutes Constitutional infirmity in the statutory authority under which he is now confined. Factual support for these grounds include an examination of the evidence, of the proceedings and the underlying statutes used to justify confinement of the plaintiff. Although this is not appropriate moment to delve into these matters in depth. See **Jackson v. Indiana, 406 U.S. 715, 92 S. Ct. 1845 (1972)(holding that different treatment of classes mentally ill persons constituted violation of the Equal Protection Clause, and that failure of commitment procedures to ensure that the nature and duration of the commitment bears some reasonable relation to the purpose of the commitment violates Due Process).**

In deciding whether to grant defendants request for extension of time relied upon discovery, the Court should consider that plaintiff is an indigent pro se litigant who is confined to a psychiatric facility and should consider the **"factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues."** **Abdullah v. Gunter**, 949 F. 2d 1032, 1035 (8th Cir. 1991) (citation omitted), cert denied, 112 S. Ct. 1995 (1992); see also **Tabron v. Grace**, 6 F. 3d at 156; **Jackson v. County of NcLean**, 953 F. 2d 1070, 1073(7th Cir. 1992); **Fluhr v. Roberts**, 463 F. Supp 745 (W.D. Ky. 1979); **Furtado v. Bishop**, 635 F. 2d 915 (1st Cir. 1980). In addition, the courts have suggested that the most important factor is whether the case

appears to have merit. **Cooper v. A. Sargenti Co., Inc.**, 877 F. 2d 170, 173 (2nd Cir. 1989); see **Javeri v. McMickens**, 660 F. Supp. 325, 326(S.D.N.Y. 1987) (counsel appointed where constitutional *"issue of substance"* was presented). Each of those factors weighs in favor of appointing counsel in this case. Moreover, the Supreme Court has held that a party need not be completely successful in order to be entitled to a fee award. **Hensley v. Eckerhart**, 461 (1983).

Factual complexity; The plaintiff alleges that he is denied the benefits of services, opportunities, advantages and rights enjoyed by others by others similarly situated in the least restrictive setting. He also asserts that the defendants finding and order issued in their Memorandum of Decision is clearly erroneous in view of the reliable, probative and substantive evidence on the record and thereby depriving the plaintiff of the due process of law. The Memorandum of Decision states that "Robert Kalman is so violent that he requires confinement within a maximum-security setting." The extent to which the defendants have construed "so violent as to require confinement under condition of maximum security" to include the plaintiff within the class of individuals to which it applies violates Amendment Fourteenth of the United States Constitution. The plaintiffs mental status is part of the evidence implicating the need for cross-examination of medical experts called by the defendants or both. The presence of the psychiatric and medical issues requiring expert testimony and this factor will support the appointment of counsel. **Moore v. Mabus**, 976 F 2d 268, 272 (5th Cir. 1992); **Jackson v. County of McLean,** 953 F2d 268, 272 (5th Cir. 1992).   Plaintiff is confined to the most restrictive setting and he has no access to a law library. Plaintiff will be severely prejudiced as a

7

direct consequence of the excessive and unnecessary delay, which is believed to be intentional by the defendants to gain a tactical advantage over the undersigned pro se, plaintiff.

## CONCLUSION

However inartfully pleaded by plaintiff in his pro se complaint, the facts set forth in the motion for summary judgement are adequate to enable him to pursue his claim for relief. For the reasons set forth herein, the plaintiff respectfully prays that the Defendants Motion For Extension Of Time be denied on grounds to extend time until discovery is completed. It is respectfully submitted that for each of the reasons set fourth above, the Honorable Court should affirm plaintiff's Motion's For Summary Judgement.

DATED: November 29, 2003

Respectfully Submitted

Robert Kalman, Pro se
Whiting Forensic Institute
P.O. Box 70 O'Brien Dr.
Middletown, CT 06457
Tel: (860) 346 - 9408

## CERTIFICATION

I hereby certify that a copy of the forgoing MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANTS MOTION FOR EXTENSION OF TIME, was mailed in accordance with Rule 5 (b) of the Federal Rules of Civil Procedure on this 29th, day of November 2003 to:

Richard J. Lynch
Assistant Attorney General

Henry A. Salton
Assistant Attorney General

Kerry Anne Colson
Assistant Attorney General

55 Elm Street, P. O. Box 120
Hartford, CT 06141 – 0120

Robert Kalman, Pro se,
Whiting Forensic Institute

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROY SASTROM & ROBERT KALMAN.<br>*Plaintiffs* | : | PRISONER<br>CIVIL ACTION NO. 3:03 CV 671<br>(DJS)(TPS) |
| v. | : | |
| ROBERT BERGER, JOHN RYAN,<br>JANET WILLIAMS, SYLVIA CANCELA,<br>SUSAN BLAIR<br>*Defendants* | : | November 21, 2003 |

## APPEARANCE

### TO THE CLERK OF THE COURT AND ALL PARTIES OF RECORD:

Please enter my appearance as counsel for defendants Robert Berger, John Ryan, Janet Williams, Sylvia Cancela, and Susan Blair in their official capacities only, in the above-captioned case.

The appearance is being entered in addition to Richard J. Lynch and Henry A. Salton, Assistant Attorneys General, Federal Bar Nos. ct 05764 and 07763, respectively.

Dated at Hartford, Connecticut, this 21st day of November, 2003.

DEFENDANTS

ROBERT BERGER, JOHN RYAN,
JANET WILLIAMS, SYLVIA CANCELA,
SUSAN BLAIR

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Kerry Anne Colson
Assistant Attorney General
Federal Bar No. CT 25241
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5020
Fax: (860) 808-5385
Kerry.Colson@po.state.ct.us