UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROY SASTROM & ROBERT KALMAN : | |
|    *Plaintiffs* : | PRISONER |
| : | CIVL ACTION NO. 3:03 CV 671 |
| : | (DJS)(TPS) |
| v. : | |
| : | |
| ROBERT BERGER, JOHN RYAN, : | |
| JANET WILLIAMS, SYLVIA CANCELA, : | |
| SUSAN BLAIR : | |
|    *Defendants* : | November 24, 2003 |

### DEFENDANTS' MOTION TO STAY DISCOVERY

The Defendants, Robert Berger, John Ryan, Janet Williams, and Sylvia Cancela, respectfully request that the Court stay all discovery until a Rule 26(f) report has been filed with and approved by the Court. Pursuant to Federal Rule of Civil Procedure 26(d), a party may not conduct discovery prior to a discovery conference meeting under Rule 26(f). In the present case, the plaintiff has served interrogatories and requests for production of documents on each of the named defendants. The defendants, on behalf of the plaintiff, have taken the liberty of preparing a draft Rule 26(f) report. (See Attached Affidavit.) Such report was mailed to the plaintiff for review on or about November 6, 2003. (See Attached Affidavit.) To date, the plaintiff, however, has not communicated with the defendants regarding the draft Rule 26(f) Report and proposed discovery plan. (See Attached Affidavit.) Therefore, such report has not yet been finalized and filed with the court. (See Attached Affidavit.)

Accordingly, the defendants respectfully request that the court stay all discovery until the parties have submitted a discovery plan. The plaintiff, Robert Kalman, is

confined at the Whiting Forensic Division of the Connecticut Valley Hospital.[1] Counsel has not contacted the plaintiff regarding this motion for stay. Currently, the defendants have until November 28, 2003 to respond to the plaintiff's interrogatories and requests fro production of documents. This is the defendants' first motion to stay all discovery.

                                               **DEFENDANTS**
                                               **ROBERT BERGER**
                                               **JOHN RYAN**
                                               **JANET WILLIAMS**
                                               **SYLVIA CANCELA**
                                               **SUSAN BLAIR**

RICHARD BLUMENTHAL
ATTORNEY GENERAL

Richard J. Lynch
Assistant Attorney General

BY: _____
Kerry A. Colson
Assistant Attorney General
Federal Bar No. 25241
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5210
Fax: (860) 808-5385
Kerry.Colson@po.state.ct.us

---

[1] On July 28, 2003, the court dismissed all claims asserted by plaintiff Roy Sastrom for failure to file a complete application to proceed in forma pauperis.

## CERTIFICATION

I hereby certify that a copy of the foregoing *Defendants' Motion to Stay Discovery and Attachments* were mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 24th day of November, 2003 first class postage prepaid to:

Robert Kalman, Pro Se
Whiting Forensic Division
70 O'Brien Dr.
Middletown, CT  06457

_____
Kerry A. Colson
Assistant Attorney General

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROY SASTROM & ROBERT KALMAN : | |
|    *Plaintiffs* : | PRISONER |
| : | CIVL ACTION NO. 3:03 CV 671 |
| : | (DJS)(TPS) |
| v. : | |
| : | |
| ROBERT BERGER, JOHN RYAN, : | |
| JANET WILLIAMS, SYLVIA CANCELA, : | |
| SUSAN BLAIR : | |
|    *Defendants* : | November 24, 2003 |

AFFIDAVIT

I, Kerry Anne Colson, being duly sworn, hereby depose and say:

1. I am over the age of eighteen and believe in the obligations of an oath.

2. I am an Assistant Attorney General appearing in the above captioned case on behalf of the Defendants, Robert Berger, John Ryan, Janet Williams, Sylvia Cancela, and Susan Blair, and make this affidavit for submission with the Defendants' Motion to Stay all Discovery in the above-captioned case.

3. The plaintiff, Robert Kalman, is pro se plaintiff, confined to maximum security at Whiting Forensic Division of the Connecticut Valley Hospital.

4. On November 6, 2003, I wrote to the plaintiff in response to the plaintiff's interrogatories and requests for production of documents served on each of the above named defendants. (Exhibit A.) In said letter, the defendants requested an extension of time to respond to plaintiff's discovery request until after the Rule 26(f) Report was completed and filed with the Court for approval. To facilitate the process, a draft Rule

26(f) report was prepared by the defendants, on the plaintiff's behalf, and mailed with said letter on November 6, 2003 for plaintiff's review and comment.

6. In the letter dated November 6, 2003, the plaintiff was requested to sign an enclosed copy of the November 6, 2003 letter indicating his consent or lack of consent to the request for extension of time to respond to discovery until after the completion and filing with the Court of the Rule 26(f) Report. The plaintiff was asked to respond to the defendants no later than November 20, 2003.

7. As of the date of this Affidavit, the plaintiff has not responded to the defendants regarding either the Draft 26(f) Report or the request for extension of time to respond to the interrogatories and requests for production of documents.

8. As of the date of this Affidavit, a 26(f) report has not been finalized nor filed with the Court.

9. As demonstrated by the foregoing representations, I have made a good faith effort to attempt to resolve this discovery matter.

_____
Kerry Anne Colson
Assistant Attorney General

Subscribed and sworn to before me at Hartford, Connecticut, on this 24th day of November, 2003.

_____
Daniel Shapiro
Commissioner of the Superior Court
Federal Bar No CT 20128



RICHARD BLUMENTHAL
ATTORNEY GENERAL

55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Office of The Attorney General
## State of Connecticut

Tel: (860) 808-5210
Fax: (860) 808-5385

November 6, 2003

Robert Kalman
Whiting Forensic Division
Connecticut Valley Hospital
70 O'Brien Drive
Middletown, CT 06457

RE: Kalman v. Berger, et al.
    Civil Action No. 3:03 CV 671

Dear Mr. Kalman:

    I writing to you in response to the interrogatories and request for production of documents you served on each of the named defendants in the above-captioned action. Pursuant to the Federal Rule of Civil Procedure 26(d), a party may not conduct discover prior to a discovery conference meeting under Rule 26(f). The parties must confer and develop a proposed discovery plan to be submitted to the court in writing, addressing the discovery schedule and any modifications to the limits or scope of discovery. For your convenience, I have enclosed copies of the applicable Federal Rules of Civil Procedure.

    I have also taken the liberty of preparing a *draft* Rule 26(f) Report, which we must file with the Court. There are sections in the Report that you must complete on behalf of the plaintiff. Once you have reviewed the document and made your changes, please mail the amended version back to me so that I can put it in final form for our signatures. Once the Rule 26(f) Report has been finalized and submitted to the court for filing, the defendants will respond to your interrogatories and request for production of documents within ten days. Please sign the enclosed copy of this letter and return it to me no later than November 20, 2003 indicating your consent to the defendants extension of time to respond to your discovery requests until after the completion and filing with the court of the Rule 26(f) report.

    Please do not hesitate to contact me if you have any questions.

Very truly yours,

Kerry A. Colson
Assistant Attorney General

HAS/kac
Enclosure

Robert Kalman
November 6, 2003
Page 2

      I do/do not consent to the extended time for defendants response to discovery until ten days after filing of the Rule 26(f) report with the Court.

                Robert Kalman: _____

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROY SASTROM & ROBERT KALMAN :
    *Plaintiffs* :
                              :   PRISONER
                              :   CIVL ACTION NO. 3:03 CV 671
                              :   (DJS)(TPS)
v.                              :
                              :
ROBERT BERGER, JOHN RYAN, :
JANET WILLIAMS, SYLVIA CANCELA, :
SUSAN BLAIR                :
    *Defendants*           :   November 6, 2003

## RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed:  April 11, 2003

Date Complaint Served:  May 9, 2003

Date of Defendant's Appearance:  June 5, 2003

Date Amended Complaint was Filed:  August 25, 2003

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on _____.  The participants were:

Robert Kalman, plaintiff, pro se.

Kerry A. Colson, for the defendants.

**I.  Certification.**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case

management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. Jurisdiction.

### A. Subject matter jurisdiction.

The plaintiff asserts that the basis for the court's subject matter jurisdiction is 42 U.S.C. Section 1983. Title II of the American with Disabilities Act, 28 C.F.R. Section 35.172, and the Federal Declaratory Judgments Act.

### B. PERSONAL JURISDICTION.

Personal Jurisdiction is not contested.

## III. BRIEF DESCRIPTION OF THE CASE.

### A. CLAIMS OF PLAINTIFF.

The plaintiff brings this action against the defendants, Robert Berger, John Ryan, Janet Williams, Sylvia Cancela, and Susan Blair, members of the Connecticut Psychiatric Security Review Board ("PSRB") in their official capacity only. On or about October 30, 2001, the plaintiff was acquitted by reason of mental disease and defect of the charges of Illegal Possession of Explosives, Failure to Appear in the First Degree and two counts of Risk of Injury. On September 25, 2002, the plaintiff was committed to the jurisdiction of the PSRB by the Superior Court for a period of time not to exceed thirty-five years and is currently confined at Whiting Forensic Institute ("Whiting").

The PSRB held a hearing on January 10, 2003 to review the commitment of the plaintiff to its jurisdiction pursuant to Connecticut General Statutes § 17a-583. The PSRB concluded that the plaintiff should remain confined under the

most restrictive setting: maximum security at Whiting for the purposes of care, custody and treatment.

The plaintiff seeks a declaratory judgment claiming that his federal rights under the American with Disabilities Act, Title II and the Fourteenth Amendment to the United States Constitution have been violated. Specifically, the plaintiff alleges that his confinement under the most restrictive setting violates the Title II of the ADA. The plaintiff also claims that in failing to place the plaintiff in the least restrictive setting is in violation of the Fourteenth Amendment to the United States Constitution. The plaintiff claims that the unjustified segregation of the plaintiff in the most restrictive setting is discriminatory and deprives the plaintiff of the benefit of opportunities, rights, services and programs, and activities enjoyed by others in the least restrictive setting appropriate under Title II of the ADA. The plaintiff requests that an injunction be issued ordering the defendants to expunge from their records their February 21, 2003 memorandum of decision and grant other relief as appropriate.

### B. DEFENSES AND CLAIMS OF DEFENDANTS.

The defendants assert that the Court lacks jurisdiction over the subject matter of this action, as the plaintiff has failed to state a claim upon which relief may be granted. Further, the defendants assert that the plaintiff's action is barred by the doctrines of abstention and sovereign immunity.

### IV. STATEMENT OF UNDISPUTED FACTS.

1. The plaintiff was acquitted by a jury of his peers on October 20, 2001 on the grounds of mental disease or defect on the charges of Illegal Possession

of Explosives, Risk of Injury (two counts) and Failure to Appear in the first degree. The plaintiff was committed to the Department of Mental Health & Addiction Services at the Whiting Forensic Division of Connecticut Valley Hospital ("CVH") in order to proceed with his evaluation as mandated by Conn. Gen. Stat. § 17a-582, to determine if the plaintiff suffered from a mental disorder that would render him a danger to himself and others. The plaintiff was admitted to the Diagnostic Unit #3 at the Whiting Forensic Division of Connecticut Valley Hospital in order to proceed with his mandated evaluation by Connecticut General Statutes § 17a-582.

2. On January 10, 2003, an initial commitment hearing was held pursuant to Connecticut General Statutes § 17a-583.

3. The PSRB issued a Memorandum of Decision dated February 21, 2003, finding that the Plaintiff is so violent that he requires confinement within a maximum-security setting. The PSRB, in the Memorandum of Decision, also concluded that the Plaintiff shall remain confined at Whiting for purposes of care, custody and treatment. The PSRB determined that the Plaintiff is mentally ill to the extent that his discharge or conditional release would constitute a danger to himself and others.

## V.  CASE MANAGEMENT PLAN

### A. Standing Order on Scheduling in Civil Cases.

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

(1) The Defendants request an enlargement of time to complete discovery. The plaintiff recently amended his complaint in this matter, adding a demand for injunctive relief. The plaintiff requests until _____, 2004 to complete discovery in this case.

### B. Scheduling Conference with the Court.

The Defendants do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

### C. Early Settlement Conference.

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The defendants do not request an early settlement conference.

3. The defendants do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

### D. Joinder of Parties and Amendment of Pleadings.

### E. Discovery

1. The defendants anticipate that discovery will be needed on the following subjections: the facts and circumstances surrounding the defendants' alleged violations of Title II of the American with Disability Act, 42 U.S.C. § 1983 as well as the Fourteenth Amendment to the United States Constitution.

2. The plaintiff anticipates that discovery will be needed on _____.

3. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4) will be commenced by November 20, 2003 and be completed by May 20, 2004.

4. Discovery will be conducted in phases.

5. The parties anticipate that the plaintiff will require a total of _____ depositions of fact witnesses and that defendants will require a total of 6 depositions. The depositions will be commenced by November 20, 2003 and will be concluded by May 20, 2004.

6. The parties will request permission to serve more than 25 interrogatories.

7. The plaintiff [intends] [does not intend] to call expert witnesses at trial. Plaintiff will designate all trial experts and provide counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by [a date not later than 3 months before the deadline for completing all discovery]. Depositions of any such experts will be completed by [a date not later than two months before the deadline for completing all discovery].

8. The defendants intend to call expert witnesses at trial. The defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by a date not later than one (1) month before the deadline for completing all discovery. Depositions of such experts will be completed by a date not later than the discovery cutoff date.

9. There are no claims for damages in the present action.

**F. Dispositive Motions.**

Dispositive Motions will be filed on or before May 20, 2004.

**G. Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memorandum in Civil Cases will be filed by July 1, 2004.

**VI TRIAL READINESS**

It is the position of the Defendants that the case will be ready for trial by October 1, 2004.

As the undersigned pro se plaintiff and the undersigned counsel for the defendants (an officer of the Court), we agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

DRAFT

                                            PLAINTIFF,

                       BY: _____
                            Robert Kalman
                            Whiting Forensic Division
                            Connecticut Valley Hospital
                            70 O'Brien Drive
                            Middletown, CT 06457
                            DATE: _____

DEFENDANTS,

BY: _____
Henry A. Salton
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
TEL: (860) 808-5210
FAX: (860) 808-5385
Fed. Bar. No. ct 07763
Henry.Salton@po.state.ct.us
DATE: _____

DRAFT