UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROY SASTROM & ROBERT KALMAN<br>*Plaintiffs* | :<br>:<br>: | PRISONER<br>CIVL ACTION NO. 3:03 CV 671<br>(DJS)(TPS) |
| v. | :<br>: | |
| ROBERT BERGER, JOHN RYAN,<br>JANET WILLIAMS, SYLVIA CANCELA,<br>SUSAN BLAIR<br>*Defendants* | :<br>:<br>:<br>: | December 3, 2003 |

## MEMORANDUM OF LAW IN SUPPORT
## OF MOTION TO DISMISS

The defendants, Robert Berger, John Ryan, Janet Williams, Sylvia Cancela and Susan Blair, hereby respectfully submit this Memorandum of Law in Support of its Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(1) on the ground of abstention.

**BACKGROUND OF THE CASE**:

This action is brought by the plaintiff, Robert Kalman, pro se, against the defendants, Robert Berger, John Ryan, Janet Williams, Sylvia Cancela and Susan Blair, members of the Psychiatric Security Review Board ("PSRB").[1]  The defendants are sued in their official capacity only.  The PSRB is a board established pursuant to Conn. Gen. Stat. § 17a-581 and charged with jurisdiction over acquittees.  Conn. Gen. Stat. § 17a-580 (1) defines "acquittees" as persons found not guilty by reason of mental disease or defect pursuant to Conn. Gen. Stat. § 53-13.

On or about October 30, 2001, the plaintiff was acquitted by reason of mental disease or defect of the charges of Illegal Possession of Explosives pursuant to Conn.

---

[1] On July 28, 2003, the Court dismissed all claims asserted by the plaintiff, Roy Sastrom, for failure to file a complete application to proceed in forma pauperis.

Gen. Stat. § 29-348, Failure to Appear in the First Degree pursuant to Conn. Gen. Stat. § 53a-172 and Risk of Injury (two counts) pursuant to Conn. Gen. Stat. § 53-21(a)(1).  On September 25, 2002, the Connecticut Superior Court ordered the plaintiff committed to the jurisdiction of the PSRB for a period of time not to exceed thirty-five (35) years and confined to Whiting Forensic Institute ("Whiting"), a maximum-security mental health facility operated by the Department of Mental Health and Addiction Services.

The PSRB held a hearing, pursuant to Conn. Gen. Stat. § 17a-583, to review the commitment of the plaintiff to its jurisdiction on January 10, 2003.    Pursuant to said statute, the PSRB is required "to make a finding and act pursuant to section 17a-584." Section 17a-584 of Conn. Gen. Stat. requires the PSRB to make a finding on the acquittee's mental condition and order one of three results:  discharge from custody, conditional release or continued confinement.  The PSRB issued a memorandum of decision dated February 21, 2003 in which it found that the plaintiff should be confined within a maximum-security setting.

In the present case, the plaintiff seeks a declaratory judgment stating that his federal rights to due process under the Fourteenth Amendment to the United States Constitution have been violated and that he has been discriminated against under Title II of the Americans with Disabilities Act ("ADA").  Specifically, the plaintiff alleges in his amended complaint that his confinement under the most restrictive setting is in violation of his rights as a qualified member of a protected class under the ADA; that failing to place the plaintiff in the least restrictive setting appropriate, once his treatment professionals determined that such placement was appropriate, and ordering him confined to the most restrictive setting constituted a violation of the Fourteenth Amendment to the

2

United States Constitution; and, the confinement of the plaintiff to maximum security is discriminatory and deprives the plaintiff of the benefit of opportunities, rights, services, programs and activities enjoyed by the others at a least restrictive setting in violation of the ADA. The plaintiff also seeks injunctive relief ordering that the PSRB memorandum of decision be expunged and grant any other relief that the court deems the plaintiff is entitled to.

### A. This Court Should Abstain From Asserting Jurisdiction Over the Plaintiff's Claims Pursuant to Younger v. Harris

In the present case, the plaintiff seeks declaratory and injunctive relief against the defendants. In Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), the United States Supreme Court held that absent extraordinary circumstances of a kind neither alleged nor present here, a federal court may not enjoin a pending state proceeding. As stated by the Court, "[s]ince the beginning of this country's history Congress has, subject to a few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." Younger, 401 U.S. at 43.

This so-called Younger abstention doctrine is founded on principles of equity, and on the "more vital consideration" of comity and federalism that underlies the relationship between the States and National Government. Younger, 401 U.S. at 44. "Abstention under Younger is fueled by the notion that the courts of equity should not intervene where a party has an adequate remember at law, see 401 U.S. at 43, and by concerns of comity and federalism expressed in 'the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in

their separate ways.' 401 U.S. at 44." Cecos International, Inc. v. Jorling, 895 F.2d 66, 70 (2d Cir. N.Y. 1990).

Although Younger itself concerned a pending state criminal action, succeeding cases have extended the doctrine to civil and administrative proceedings in which the state has an important interest. See, e.g., Middlesex Country Ethics Committee v. Garden State Bar Assn., 457 U.S. 423, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982) (applying Younger abstention to attorney disciplinary proceedings within the jurisdiction of the New Jersey Supreme Court); Moore v. Sims, 442 U.S. 415, 423, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979) (applying Younger abstention to state court child abuse proceedings); Ohio Civil Rights Commission v. Dayton Christian Schools, Inc., 477 U.S. 619, 627-28 and n.2, 106 S. Ct. 2718, 91 L. Ed. 2d 512 (1986) (applying Younger abstention to state civil rights commission's administrative proceedings because of important state interest in "the elimination of prohibited sex discrimination"). In each instance, the Court has reaffirmed that comity and federalism require federal courts to avoid interference with the legitimate processes of the States.

Furthermore, although Younger involved a claim for injunctive relief, the Younger abstention doctrine applies to actions for declaratory, as well as injunctive, relief. Samuels v. Mackell, 401 U.S. 66, 72-73, 91 S. Ct. 764, 17 L. Ed. 2d 688 (1971); Younger, 401 U.S. at 41 n.2; Partington v. Gedan, 961 F.2d 852, 861 (9th Hawaii Cir.), cert. denied sub. nom, Partington v. Lum, 506 U.S. 999, 113 S. Ct. 600, 121 L. Ed. 2d 537 (1992). This is because "a declaratory judgment issued while state proceedings are pending might serve as the basis for a subsequent injunction against those proceedings to 'protect or effectuate' the declaratory judgment, 28 U.S.C. § 2283, and thus result in a

4

clearly improper interference with the state proceedings." Samuels, 401 U.S. at 72. In addition, "even if the declaratory judgment is not used as a basis for actually issuing an injunction, the declaratory relief alone has virtually the same practical impact as a formal injunction would." Id.

Finally, claimed violations of the Fourteenth Amendment and ADA are not exceptions to Younger. Doe. v. Connecticut Dep't of Health Services, 75 F.3d 81 (2d Cir. Conn.1996); Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 101 S. Ct. 1519, 95 L. Ed. 2d 1 (1987); Ohio Civil Rights Commission, 477 U.S. 619 (1986). As the Supreme Court has emphasized, "[m]inimal respect for the state processes, of course, precludes any presumption that the state courts will not safeguard federal constitutional rights." Middlesex Country Ethics Commission, 457 U.S. at 431.

In determining whether Younger abstention is required in a particular case, the Second Circuit has applied a three pronged test: "(1) whether there is an ongoing state proceeding; (2) whether an important state interest is involved; and (3) whether the federal plaintiff has an adequate opportunity for judicial review of his [federal] constitutional claims during or after the proceeding." University Club v. New York, 842 F.2d 37, 40 (2d Cir. N.Y. 1998). In the present case, all three of these conditions are satisfied.

a. Ongoing State Proceedings

First, there is clearly an ongoing state proceeding that was pending when the plaintiff commenced this federal action. See Kalman v. Psychiatric Security Review Board, Superior Court, judicial district of New Britain, Docket No. 520204.[2] The

---

[2] The plaintiff also has an appeal pending at the Appellate Court in Connecticut challenging the Superior Court's order committing the plaintiff to the jurisdiction of the PSRB. See State v. Kalman, AC 23653.

5

plaintiff filed an administrative appeal against the PSRB in Superior Court, Tax and Administrative Appeals Session, challenging the same decision that is the subject of this lawsuit. See attached Exhibit "A". In the state court action, the plaintiff is represented by legal counsel. To date, the proceedings are in their preliminary stage. Under the circumstances, there can be no question that there is an ongoing state proceeding.

    b.    Important State Interest

The second prong of the Younger test, "whether an important state interest is involved," is also clearly satisfied. Conn. Gen. Stat. §§ 17a-580 through 17a-603 sets forth the duties and responsibilities of the PSRB. The PSRB makes findings and supervises individuals who have been found not guilty of a crime by reason of mental disease or defect. To this end, Connecticut has set forth various statutes outlining the details on the conditions and requirements of that confinement. This process is an adjunct to the criminal process and its objective is twofold: first, to treat the individual's mental disease or defect, and second, to protect society. Payne v. Fairfield Hills Hospital, 215 Conn. 675, 684, 578 A.2d 1025 (1990). Clearly, this involves an important state issue.

    C.    Opportunity for Judicial Review

Finally, the third abstention prerequisite under Younger – an opportunity to raise constitutional and federal statutory claims – is present here as well. "[I]t is sufficient . . . that constitutional claims may be raised in state-court judicial review of the administrative proceeding." Ohio Civil Rights Commission, 477 U.S. at 629. In the course of determining appeals from administrative agencies, the courts of Connecticut have taken up not only issues of claimed constitutional violations, Daly v. Delponte, 225

6

Conn. 499, 624 A.2d 876 (1993); but claims that an agency has failed to comply with governing federal statutes as well. Griffin Hospital v. Commission on Hospitals and Health Care, 200 Conn. 489 (1986). As the Court, in Doe, 75 F.3d at 85, stated:

> [I]t is sufficient under Middlesex that constitutional claims may be raised in state-court judicial review of the administrative proceeding. Dayton Christian, 477 U.S. at 629 (citations omitted). The same reasoning applies a fortiori to federal statutory claims. Connecticut law provides that an appeal may be taken from final agency action to the Connecticut Superior Court. See § 4-183(a). An appeal may also be taken from preliminary action if postponement of the appeal may result in an inadequate remedy. Id. at Conn. Gen. Stat. § 4-183(b). On appeals from agency actions, the Connecticut courts have addressed claims based on federal statutes and state and federal constitutional law. See Daly v. Delponte, 225 Conn. 499, 624 A.2d 876 (1993) (addressing claims under state and federal constitutional law); Griffin Hosp. v. Comm'n on Hosps. and Health Care, 200 Conn. 489, 493-95, 512 A.2d 199, 203-04 (considering whether federal Medicare statute preempted administrative agency from regulating costs at medical facilities), appeal dismissed, 479 U.S. 1023, 93 L. Ed. 2d 819, 107 S. Ct. 781 (1986).

The Second Circuit specifically recognized that a plaintiff "can interpose the ADA as a defense in the ongoing state proceedings, and can secure reversal of any determination that conflicts with the ADA in the courts of Connecticut and (ultimately) in the United States Supreme Court." Doe, 75 F.3d at 86. As the Second Circuit stated in Kirschner v. Klemons, 225 F.3d 227, 233 (2d Cir. N.Y. 2000), "unless state law clearly bars the interposition of the constitutional [or federal] claims, and so long as there is not showing of bad faith, harassment, or some other extraordinary circumstances that would make abstention inappropriate, the federal courts should abstain. . . . Younger itself explained that exceptions to abstention should be made only on a showing of bad faith, harassment, or . . . other unusual circumstances." (Citations omitted; internal quotation marks omitted.)

The plaintiff here has an ongoing state proceeding that affords the plaintiff an adequate opportunity to raise his federal constitutional claims in the state court and to seek appellate review in the Connecticut Appellate or Supreme Court if he desires. The plaintiff is appealing in state court the same decision issued by the PSRB that is the subject of this lawsuit. Even, "when a litigant has not attempted to present his federal claim in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." Pennzoil Co., 481 U.S. at 15. Because the plaintiffs can advance no such authority here and because there are no exceptions to Younger, the court should dismiss the plaintiff's federal action.

>
> DEFENDANTS
> ROBERT BERGER, JOHN RYAN, JANET WILLIAMS, SYLVIA CANCELA, SUSAN BLAIR
>
> RICHARD BLUMENTHAL
> ATTORNEY GENERAL
>
> BY: _____
> Kerry Anne Colson
> Richard J. Lynch
> Assistant Attorneys General
> 55 Elm Street
> P.O. Box 120
> Hartford, CT 06141-0120
> Tel: (860) 808-5210
> Fax: (860) 808-5385
> Kerry.Colson@po.state.ct.us
> Richard.Lynch@po.state.ct.us
> D. Conn. Federal Bar # CT25241

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Memorandum of Law in Support of Motion to Dismiss was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on December 3, 2003, first class postage prepaid to:

Robert Kalman, Pro Se
Whiting Forensic Division
70 O'Brien Dr.
Middletown, CT  06457

                                                                  _____
                                                                  Kerry Anne Colson
                                                                  Assistant Attorney General