UNITED STATES DISTRICT COURT 
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT KALMAN, | : | PRISONER |
| *Pro Se, Plaintiff,* | | |
| V. | : | Civil Action No. 3: 03cv 671 (DJS) (TPS) |
| ROBERT BERGER, et al., | : | |
| *Defendants,* | | December 12, 2003 |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS

### STATEMENT OF THE CASE

This action was brought to this Honorable Court as a Declaratory Judgement filed under the American with Disabilities Act, Title II, 28 C.F.R., Sec., 35.172, the Federal Declaratory Judgements Act, 28 U.S.C., Sec., 2201, and pursuant the Civil Rights Act, 42 U.S.C., Sec., 1983. This action involves no claim for monetary damages of any kind.

### BACKGROUND AND STATEMENT OF THE FACTS

On or about October 30, 2001, following a trial before a jury of six, the plaintiff was acquitted by reason of mental disease or defect of the charges of Illegal Possession of Explosives pursuant to Conn. Gen. Stat. Sec. 29-348, Failure to Appear in the First Degree pursuant to Conn. Gen. Stat. Sec. 53a-172 and Risk of injury (two counts) pursuant to Conn. Gen. Stat. Sec. 53-21(a) (1). The plaintiff was acquitted pursuant to Conn. Gen. Stat. Sec. 53a-13, by a jury and not convicted of the underling offense. Defendants failed to mention that the Superior Court expressly concluded at the commitment hearing (CGS, 17a-582), that there was insufficient evidence that the plaintiff was "so ... violent as to require commitment under conditions of maximum security..." The Honorable Lubbie Harper, Jr.9/26/02 at 52-53.

1

Defendants Robert Berger, John Ryan, Janet Williams, Sylvia Cancela and Susan Blair, after an Initial Commitment Hearing, held pursuant Conn. Gen. Stat. Sec., 17a-583 ordered the plaintiff confined under the most restrictive conditions pursuant to Conn. Gen. Stat. Sec., 17a – 599, at Whiting Forensic Institute. On January 10, 2003, the defendants held the Initial Commitment Hearing pursuant to Sec., 17a-583, where two medical experts testified under Oath and concluded that plaintiff is not violent and he could be placed productively and appropriately in a less restrictive and more integrative setting in a non-maximums-security setting. On February 21, 2003, defendants issued a Memorandum of Decision ordering the plaintiff confined pursuant to Conn. Gen. Stat. Sec., 17a - 599 within a maximum-security setting. The Memorandum of Decision issued by defendants on February 21st, 2003 states that Robert Kalman **"is [so violent] that he requires confinement within a maximum-security setting."** The finding and order was clearly erroneous in view of the reliable, probative and substantive evidence on the record, and thereby depriving the plaintiff of the due process of law. Plaintiff is denied the benefits of services, activities, opportunities, advantages, and rights enjoyed by others in the least restrictive setting. The extent to which the defendants have construed "so violent as to require confinement under conditions of maximum security" to include the plaintiff within the class of individuals to which it applies, violates Amendment Fourteenth of the United States Constitution.  The Memorandum of Decision clearly states that: "Pursuant to Connecticut General Statutes sections 17a- 584, 17a – 586, and **17a – 599**, the Psychiatric security Review Board hereby ORDERS:" The defendants fail to incorporate Sec., 17a-599 in their Memorandum of Law in Support of the Motion to Dismiss.

2

**INTRODUCTION AND PERTINENT FACTS**

The defendant's argument is unsupported and fails to mention many of the undisputed facts, and repeatedly mischaracterize the statutory frame work of the Psychiatric Security Review Board and also mischaracterize the Connecticut Uniform Administrative Procedures Act, (hereinafter U.A.P.A.). Defendants wrongly assert in their Motion To Dismiss that the issue on appeal is a matter from Conn. Gen. Stat. Sec., 17a – 599, in **Kalman v. Psychiatric Security Review Board,** No. 520204 (Superior Court, Judicial District of New Britain).

There is no right for an Administrative Appeal under the U.A.P.A., in a P.S.R.B. order entered pursuant Conn. Gen. Stat. Sec., 17a - 599 (confinement under conditions of maximum-security). Plaintiff in his action pending before this Honorable Court is seeking injunctive relief and declaratory relief.

The plaintiff is not challenging Connecticut General Statutes, Section 17a – 599. The plaintiff is not asserting in his action in this Court that the defendants violated his rights under Conn. Gen. Stat. Sec., 17a – 584.

The Uniform Administrative Procedures Act, Conn. Gen. Stat. Sec., **4-166 et seq.**, controls administrative agency law and procedure. General Statutes Section 4-186 provides in pertinent part: "Chapter 54 exemptions and conflicts …(f) the provisions. Section 4-183 **[Appeal to Superior Court]** shall **apply to** the Psychiatric Security Review Board **in the manner described in section 17a-597….**"

3

I. **UNDER THE UAPA, THERE IS NO RIGHT TO AN APPEAL FROM CONFINEMENT IN MAXIMUM SECURITY AFTER AN ORDER ENTERED BY THE PSYCHIATRIC SECURITY REVIEW BOARD.**

It is well established by the Superior Court of the Judicial District of New Britain that: "Now there's no jurisdiction even if the Board said, sure, you can take an appeal. That doesn't allow for it, then or the statutory scheme doesn't allow for it, whether or not they said it is irrelevant.

And in addition, they may have been referring to the confinement part of the - - when they said an appeal could be taken, they may have been referring to the confinement decision and not to the placement decision." The Honorable Henry S. Chon, Judge, 5/14/01, **Administrative Appeal** of **Peter Hoffman v. Psychiatric Security Review Board,** No. CV01 – 0507289 S (see Exhibit # 1 TR., attached to Motion in Opposition).

In fact there is no existing <u>right</u> to an **Administrative Appeal** pursuant to the Connecticut Uniform Administrative Procedures Act, (U.A.P.A.), from a decision made by the defendants pursuant to Connecticut General Statutes Sec. **17a –599**.

The Honorable Court in **Hoffman,** CV01 – 0507289 S, clearly stated "Now one other point that I want to raise was the whole **liberty interest**. A claim is made that there should be an opportunity for **liberty interests** this **Viteck** case and others that talk about **the least restrictive setting**. The **problem** there is that's it's **not an administrative appeal**.

If you take a look at the case of **Beizer v. The Department of Labor 56 Conn. App. 347, 362,** decided in 2000. The Court - - the **Appellate Court** indicted that there are **certain types** of actions that can be taken through an administrative appeal. Where there's a **constitutional claim**, however, a constitutional right to a hearing, that is not one

4

that **can be advanced through the administrative appeal**, rather a **declaratory judgement action** would have to be brought in Superior Court or **other steps would have to be taken to challenge this kind of determination."** (Exhibit # 1 at p., 20 to 21).

For the forgoing reasons the undersigned pro se, plaintiff had brought his Constitutional claim to this Honorable Court in a Federal Declaratory action asserting a deprivation of his Constitutional Rights from a decision made by the defendants pursuant to Connecticut General Statute Section **17a – 599**.

## II. PLAINTIFF'S CONFINEMENT IN MAXIMUM-SECURITY IS NOT A CONNECTICUT GENERAL STATUTES, SEC., 17a – 584 DECISION. THE SCOPE OF SEC., 17a – 584 IS LIMITED TO A MENTAL CONDITION FINDING, A DISPOSITIONAL DECISION.

As the Court stated in **Hoffman**, a Declaratory Judgment is the action in **"challenging a constitutional point"** and/or the existing **"liberty interest"** to a right of a confined person to the least restrictive setting.

Also in the New Britain Judicial District and in the context of maximum-security confinement in a <u>Administrative Appeal</u> the Court stated in **Champagne v. Lewis (1998 WL. 321831) Conn. Supper.)**, that: "The court **lacks jurisdiction** under the Sec. 17a – 597 in that **maximum security placement is not a Sec., 17a – 584 or Sec., 17a – 587 decision; from which an administrative appeal is allowed.**

Additionally, the plaintiff **is not** entitled to review under Sec., 4 – 183(a), Sec., 4 – 186(f) [FN4] *specifically confines judicial review* of PSRB to those decisions described in Sec., 17a – 597." There is no remedy permitted through Sec., 17a – 597 via an <u>Administrative Appeal</u> concerning order entered by defendants pursuant to Sec., 17a – 599. In **Champagne** the Honorable Court stated that: "The court lacks jurisdiction under Sec., 17a – 597 in that the maximum security placement is not a Sec., 17 a- 584 or Sec.,

5

17a – 587 decision; from which an administrative appeal would be allowed." (See Exhibit #3 attached to plaintiff's <u>Motion in Opposition</u>.).

In the defendants <u>Memorandum Of Law In Support Of Motion To Dismiss</u> the counsel for defendants characterizes the statutory frame work as: "Pursuant to said statute, the PSRB is required "to make a finding and act pursuant to section **17a – 584**." Section **17a – 584** of Conn. Gen. Stat. requires the PSRB to make a finding on the acquittee's mental condition and order one of three results: discharge from custody, conditional release or continued confinement." **Counsel for defendants failed to cite Conn. Gen. Stat. Sec., [17a – 599]** that proscribes the requirement of confinement in maximum-security. See, p # 2 <u>Memorandum of Law In Support Of Motion To Dismiss</u>. Counsel moves on stating that *"The PSRB issued a memorandum of decision dated February 21, 2003 in which it **found** that the plaintiff should **be confined within a maximum-security setting.**"* Once again counsel fails to cite that defendants entered an order confining the plaintiff pursuant Conn. Gen. Stat. Sec., **17a – 599**. (See also Exhibit 'B', <u>Memorandum Of Decision</u> attached to defendants <u>Motion To Dismiss</u> now pending before the Court). On page 3 of 3 of the Memorandum it is clearly stated that "Pursuant to Connecticut General Statutes, Sections 17a – 584, 17a 586 and **17a – 599**, the Psychiatric Security Review Board hereby **ORDERES:**"

The defendants did not forget Conn. Gen. Stat. Sec., **17a –599**, defendants know that there **is no right to appeal from an order entered pursuant to 17a – 599**. Also on page 3 of 3 of the <u>Memorandum of Decision,</u> Dated: February 21, 2003, the defendants inform the plaintiff of his right to appeal:

"1. Robert Kalman shall remain confined at the Whiting Service of Connecticut Valley Hospital for the purpose of care, custody and treatment. This order of confinement

6

pursuant to CGS Section **17a – 584 may be appealed in accordance with the provisions of Section 17a – 597 and Chapter 54 of the Connecticut General Statutes.**"

As reflected above **there is no administrative appeal under the UAPA, from an order-entered pursuant to Sec., 17a – 599**. This is also evidenced in the notice of appeal incorporated in the <u>Memorandum of Decision</u>, accordingly the currently pending administrative appeal in the Superior Court will not address the matter pending before this Honorable Court. The Administrative Appeal in Superior Court is an appeal concerning the finding of the defendants made pursuant Sec., 17a – 584. The Superior Court has no jurisdiction on a decision pursuant to Sec., **17a – 599.**

### IV. <u>THE CONNECTICUT SUPREME COURT AFFIRMED THAT THERE IS NO RIGHT TO APPEAL PURSUANT TO CONN. GEN. STAT. SEC., 17a – 597, AND UNDER THE U.A.P.A, FROM AN ORDER FOR CONFINEMENT IN MAXIMUM-SECURITY PURSUANT TO CONN. GEN. STAT. SEC., 17a –599.</u>

In the case of <u>**Anthony Dyous v. Psychiatric Security Review Board**</u>, **CV01 – 0512529 S** (March 25, 2002), the Court in the Judicial District of New Britain, **The Honorable Henry S. Chon, Judge,** The Court: "I don't see any reason to change what I said in <u>Hoffman</u>, subject to the plaintiff having the [**right to appeal,**] as was attempted in <u>Hoffman</u>. The only thing is that <u>Hoffman</u> it never came up. And now that it's been raised, I think it's even a stronger case, because section 4 – 186f states that - - **[has carved out the limitations.]**

The time our UAPA was adopted, **the legislature intended to carve out certain areas, which they didn't want to have become fully involved with 4 – 183**. And they said you can **[only use]** the provisions which are set forth in 17a – 597. And when you

**have an administrative appeal**, and I think everybody agrees with this, when you are limited by the legislature to the language of the statute, you have to comply with the statute without question.

And, of course, we do have the **Champagne** case, which says - - that's the least line of the **Champagne** case, and I see no reason to change the holding of **Champagne**. It gives you **[two]** items of 17a – 584 that **may be appealed**, and that is if they find that acquittee should be conditionally released, or they find the acquittee is a person that should be confined." (See Exhibit # 2 attached to plaintiff's Motion in Opposition at P3$)

Moreover, the Court stated in **Dyous** that: "Even if we put this - - when you can take an administrative appeal and limitations on taking administrative appeals, which the legislature has written right into the statute, even if we take that away, we have to go back to 17a – 599. And that by its very language says that the Court makes a - - rather the Board, after the hearing, makes a further determination. That further determination - - any where you look at the word "determination," it's clear it's not a hearing."(See P. 36 at 3 to 12, of Exhibit # 2 attached to Plaintiff's Motion in Opposition.)

On July 22, 2003, the Connecticut Supreme Court issued an opinion in **Dyous v. Psychiatric Security Review Board, 264 Conn. 766 (2003)**, which dealt with transfer and confinement of **Dyous**, pursuant an order of the PSRB, to maximum-security. In that case the Court concluded that under Connecticut's U.A.P.A. there is no administrative appeal from a decision transferring and confining an acquittee pursuant to Conn. Gen. Stat. sec., 17a – 599. The Supreme Court affirmed the order dismissing the appeal by the Superior Court, in **Dyous v. Psychiatric Security Review Board, CV01 – 0512529 S.**

It should be noted that the Connecticut Supreme Court in the **Dyous**, decision did not focus on the federal constitutional issues, but rather on the U.A.P.A. pertaining to the Superior Courts jurisdiction on appeals arising form transfer of NGRI acquittee's.

## V.   PLAINTFF'S ALLEGATIONS MUST BE TAKEN AS TRUE

In considering the merits of a motion to dismiss a complaint the Court must accept the allegations set forth in the complaint as true. **Kugler v. Helfat, 421 U. S. 117, 125 95 S. Ct. 1524, 1531, Scheurer v. Rhdes, 416, U. S. 232, 236, 94 S. Ct. 1683, 1686 (1974), United States v. Mississippi, 380 U. S. 128, 143, 85 S. Ct. 808, 816 (1965), D.P. Technology Corp, v. Sherwood Tool, Inc., 75 F. Supp. 1038, 1039 (D. Conn. 1990).** "A motion to dismiss …attacks the jurisdiction of the court, essentially asserting that the petitioner cannot as a matter of law and fact state a cause of action that should be heard by the court." **Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A. 2d 914 (1991) (emphases in the original).** Subject matter jurisdiction involves the authority of the court to adjudicate the controversy presented. 1 Restatement (Second), Judgement Sec. 11. "A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it." **Monroe v. Monroe, 177 Conn. 173, 185, 413 A. 2d 819, appeal dismissed, 444 U.S. 801 (1979)."**Once it is determined that a tribunal has authority or competence to decide the class of cases to which the action belongs, the issue of subject matter jurisdiction is resolved in favor of entertaining the action." **Craig v. Bronson, 202 Conn. 93, 101, 520 A.2d 155 (1987).** "It is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be

9

indulged." **Connecticut Light & Power Co. v. Costle,** 179 Conn. 415, 420-21n.3, 426 A.2d 1324 (1980)

In fact, pro se complaints are held to less stringent standards, the facts - - or the fear reading of the facts alleged by the plaintiff - - are deemed true for the purpose of evaluating the defendant's motion to dismiss. **Haines v. Kerner,** 404 U.S. 519,520-521, 92 S.Ct. 594,595-596 (1972), **Ruark v. Solano,** 928 F. 2d 947,949 (10 th Cir. 1991); **Karim- Panahi v. Los Angeles Police Dept.,** 839 F. 2d 621,623 (9 th Cir. 1988), **Wilson v. Civil Town of Clayton,** 839 F. 2d 375,378 (7 th Cir. 1988). A motion to dismiss should be granted only when it appears beyond doubt that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. **Hishon v. King & Spaulding,** 467 U. S. 69, 73, 104 S.Ct. 2229, 2232 (1984), **McLain v. Real Estate Bd.,** 444 U. S. 232, 246, 100 S. Ct. 502, 511 (1980), **Haines v. Kerner,** supra. , **National Union Fire Ins. Co. v. Mastroni,** 754 F. Supp. 269, 272 (D. Conn. 1990).

As the Supreme Court stated in **Scheuer v. Rhodes**,

supra.: The issue [on a motion to dismiss] is not to whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. Moreover, it is well established that, in failure to state a cause of action, the allegations of the complaint should be considered favorably to the pleader.

**Id**., 416 U. S. at 236, 94 S. Ct. at 1686, see also, **National Union Fire Ins. Co. v. Mastroni,** supra., 754 F. Supp. At 272, **D.P. Technology Corp. v. Sherwood Toll, Inc.,** supra., 751 F. Supp. At 1039. As Judge Nevas wrote in **D.P. Technology**,

10

"[A] court is under a duty to determine whether a plaintiff has a valid claim under any possible theory." Id. At 1039.

The plaintiff's Administrative Appeal is an appeal taken to the Superior Court pertaining to Conn. Gen. Stat. Sec. **17a – 597,** and the Superior Court has no jurisdiction over the matter pending before this Court. The defendants wrongly assert in their Motion to Dismiss that the matter pending before the Superior Court is the interpretation of or an appeal from Conn. Gen. Stat. Sec., **17a – 599.**

The **Federal Declaratory Judgements Act, 28 U. S. C., Section 2201**, provides that a Federal Court,

IN A CASE OF ACTUAL CONTROVERSY WITHIN ITS JURISDICTION, ...ANY COURT OF THE UNITED STATES, UPON THE FILING OF AN APPROPRIATE PLEADING, MAY DECLARE THE RIGHTS AND OTHER LEGAL RELATIONS OF ANY INTERESTED PARTY SEEKING SUCH DECLARATION, WHETHER OR NOT FURTHER RELIEF IS OR COULD BE SOUGHT. ANY SUCH DECLARATION SHALL HAVE THE FORCE AND EFFECT OF A FINAL JUDGEMENT OR DECREE AND SHALL BE REVIEWABLE AS SUCH.

The defendants assert that this Court should abstain under the principals set forth in **Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).**

In general, the three essential conditions for invocation of the doctrine of abstention are that the state statute be unclear or the issue of the state law be uncertain... that resolution of the federal issue depend upon the interpretation to be given to the state law... and that the state law be susceptible of an interpretation that would avoid or modify the federal constitutional issue. **McRedmond v. Wilson, 533 F. 2d 757, 761 (2 nd Cir. 1976).**

The defendants assert that this Court should abstain under the **Younger**, abstention because "The plaintiff currently has pending in the Connecticut Superior Court an administrative appeal involving the same issues." The plaintiff disagrees because the appeal is restricted to Conn. Gen. Stat. Sec. **17a – 597**, and can not address the matters brought to this Court.

The defendants' argument should not be applied to this action. The State Law in this issue is clear;

**Conn. Gen. Stat. Sec., 17a –599, (Formerly Sec. 17a – 257t).**
Confinement under conditions of maximum security

At any time the court or the **board** determines that the acquittee is a person who should be confined, it **shall make a further determination** of whether the acquittee is **so violent** as to **require confinement under conditions of maximum security**. Any acquittee found so violent as to require confinement under conditions of maximum security shall not be confined in any hospital for psychiatric disabilities or placed with the Commissioner of Mental Retardation unless such hospital or said commissioner has the trained and equipped staff, facilities or security to accommodate such acquittee.

The plaintiff alleges in his complaint that at all the medical professionals who testified under **oath** at the hearing on January 10th, 2003, Dr. Carre' and Dr. Rathi, testified **inter alia,** that plaintiff is **not** [violent] and he can be placed productively in a less restrictive setting, see paragraphs 2, 3, 4, 5, 6, 7, and 8 of the complaint.

In paragraph 9, the complaint states that the defendants ordered plaintiff's **"confinement pursuant to Connecticut General Statues Sec. 17a – 599, under the most restrictive setting in a maximum-security facility."**

The plaintiff alleges in paragraph 11 that **"defendants finding that he was so violent that he required confinement in a maximum-security issued in their Memorandum of Decision was not supported by any substantive or probative**

12

**evidence on the whole record during the hearing of January 10, 2003."** See also paragraphs 12, 13, and 14, the complaint does not contain any relation to Conn. Gen. Stat. Sec., 17a – 584.

It shall be noted that in **Dyous v. Psychiatric Security Review Board, CV02 – 512529 S**, the defendants Berger, Rayan, Williames, Cancela and Blair claimed that because confinement in maximum security **is controlled by Conn. Gen. Stat. Sec., 17a-599, and because Sec., 17a-599 is not specifically referenced in Conn. Gen. Stat. Sec., 17a – 597, the superior court did not have subject mater jurisdiction over the appeal.** On March 20, 2002, to the defendants Berger, Rayan, Williames, Cancela and Blair's **MOTION TO DISMISS** and on March 25, 2002, the court heard oral argument on the motion and objection thereto.

On the same day as the hearing on the Motion to Dismiss, March 25, 2002, the court, Cohn, J., granted the PSRB's Motion to Dismiss. The court relied on its prior decisions in **Peter Hoffman v. Psychiatric security Review Board** (Cohn, J.) and on **Champagne v. Lewis** (McWeeney, J.), two Superior Court cases which dismissed Sec., 17a-599 claims for lack of subject matter jurisdiction. Tr. 3/25/02, p. 35-36. The court also relied on General Statutes Sec., 4-186(f), which **"carved out the limitations"** of Sec., 4-183, by referencing back to the PSRB Statute, Sec., [17a-597]. Tr. 3/25/02, p.35.

Even if the State Court were allowed to hear the plaintiff's Sec. **17a –599**, claim in an Administrative Appeal, and decide that there was no evidence on the record to support the order of the defendants (PSRB), in placing the plaintiff in a maximum security facility. The plaintiff's claims to this Court seeking declaratory relief would not be moot.

13

Turning to the American with Disabilities Act, claims of the complaint: the plaintiff also brought this action to this Court "pursuant to the American with Disabilities Act, Title II, 28 C.F.R., Section 35.172"

**"Section 35.172 Resolution of complaints."**

THE ACT REQUIRES THE DEPARTMENT OF JUSTICE TO ESTABLISH ADMINISTRATIVE PROCEDURES FOR RESOLUTION OF COMPLAINTS, BUT DOES NOT REQUIRE COMPLAINANTS TO EXHAUST THESE ADMINISTRATIVE REMEDIES. THE COMMITTEE REPORTS MAKE CLEAR THAT CONGRESS INTENDED TO PROVIDE A PRIVATE RIGHT OF ACTION WITH THE FULL PANOPLY OF REMEDIES OF INDIVIDUALS VICTIMS OF DISCRIMINATION. **[BECAUSE THE ACT DOES NOT REQUIRE EXHAUSTION OF ADMINISTRATIVE REMEDIES, THE COMPLAINANT MAY ELECT TO PROCEED WITH A PRIVATE SUIT AT ANY TIME.]**

The complaint states that defendants violated plaintiff's rights under 42 U.S.C., Sec., 12101(a), (2),(5), Title II, of the ADA. Additionally, the complaint states that plaintiff "is deprived of participation and denied the benefits of services, programs, or activities provided in the most integrated, and least restrictive setting. The plaintiff is also a member of a class pursuant to the <u>**William Roe, et al., v. Michael Hogan**</u>, et al., <u>**Agreement of Settlement**</u>, **Civil No. H89 – 579 (PCD),** and he is denied rights, privileges advantages and opportunities enjoyed by other members of the class based on a finding not supported by the evidence that he is so violent that he so requires the confinement under the most restrictive setting in maximum-security."

The plaintiff asserts before the Honorable Court that due to the defendants order he is in fact deprived of services equally to civilly committed patients as well as other patients committed to the Connecticut Psychiatric Security Review Board. Plaintiff is deprived of services consistent with his individual clinical status by having been wrongfully **classified** by defendants to be **"so violent"** and by having been ordered

confined in a maximum-security facility in a restricted classification setting that deprive plaintiff increasing levels of freedom and responsibilities. Plaintiff is deprived of supervised or unsupervised on-campus passes employment and other opportunities afforded to civilly committed patients and other PSRB patients. He is denied the opportunity to exercise personal autonomy and responsibility for as much of his daily activities as clinically appropriate, in that he is restricted to levels of freedom that only allows him to go only in the institute courtyard; he is denied the access to rehabilitation and leisure activities afforded to civilly committed patients and other PSRB patients; he is not allowed the consideration for temporary leaves; he is not eligible to be considered for conditional release until he is transferred to a less restrictive setting; he is denied the opportunities available to other individuals committed to the PSRB; he is automatically considered an imminent danger and treated unequally without regard for an individualized consideration of his current mental status and without a determination of whether participation in a particular program or activity would pose a danger to him or others.

The plaintiff respectfully requests that the Honorable Court to take judicial notice that the Rehabilitation Act, of 1973 provides that:

> **"[N]o otherwise qualified handicapped individual in the United States ...shall, solely by reason of his handicap, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal assistance."**

Moreover, 29 U.S.C., 794. TITLE II of the American with Disabilities Act, which extends Section 505's coverage to state and local governments, mirrors the language of section 504, providing that

> *"[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by such entity."*

This District Court stated in **William Roe, et al., v. Michael Hogan, et al.** Civil No. **H89-579 (PCD)** that:

> [N]o Connecticut Psychiatric Security Review Board patient shall be denied access to appropriate therapeutic, recreational, rehabilitative or leisure activities which are available to other patients solely because of the patients' commitment to the Connecticut Psychiatric security Review Board...

The District Court in **Thomas F. Moran v. Connecticut of Department of Public Health and Addiction Services, Civil No. 3: 96cv448 (PCD), (1/29/97)**, the Court, Dorsey, Chief Judge, held that:

> B. Abstention
>
> "Abstention [under Younger v. Harris, 401 U.S. 37, 91 S. Ct 746, 27 L.Ed. 2d 669 (1971)] is warranted where a state judicial proceeding is ongoing, implicates important state interests, and affords an adequate opportunity to raise constitutional challenges." Doe. Sate of Conn. Dept. of Health Services, 75 F. 3d 81, 85 (2d Cir. 1996) (citation omitted). In this case, State administrative disciplinary proceedings are ongoing. Although Younger involved an ongoing criminal proceeding it is "clear the same concerns of federalism and comity warrant abstention where state administrative disciplinary proceedings...are ongoing." Doe, 75 F .3d at 85 (citation omitted).

Plaintiff asserts that <u>Younger</u> abstention in his claim is inappropriate because in the present case the Superior Court has no jurisdiction in an administrative appeal from an order pursuant to Sec. 17a-599. Plaintiff's pending appeal is an appeal from Conn. Gen. Stat. Sec., 17a-584.

The counsel for the defendants <u>Motion to Dismiss</u> is misleading and counsel fails to cite specific facts and also failed to cite Conn. Gen. Stat. Sec., 17a-599. The defendants' argument is unsupported and fails to mention many of the undisputed facts, and repeatedly mischaracterize the statutory framework of the PSRB and the UAPA.

Moreover, the District Court stated in **<u>Moran, v. Conn. Dept. Pub. Health</u>, Civil No. 3:96cv 448 (PCD).**

> [5][6] Pursuant to Doe, a case substantially similar to Plaintiff's, Younger abstention is warranted. However, Plaintiff's entire Complaint is not subject to dismissal on abstention grounds. A district court may not dismiss a common-law damages action. Quackenbush v. Allstate Insurance Co., 517 U. S. 706, ---, 116 S.Ct. 1712, 1728, 135 L.Ed .2d 1 (1996). "[F]ederal courts have the power to dismiss or remand cases based on abstention only where the relief being sought is equitable or otherwise discretionary." Id. At ---, 116 S.Ct. at 1728. "[T]he authority of a federal court to abstain from Exercising its jurisdiction extends to ... cases in which the court has discretion to grant or deny relief." Id. At ---, 116 S.Ct. at 1722...

Plaintiff asserts that abstention is inappropriate in the present case because the P.S.R.B. decisions pursuant to 17a – 599 are not appealable to the Superior Court pursuant to the statutory scheme.

Connecticut General Statutes Section 17a – 599 is not integrally connected to Conn. Gen. Stat. Sec., 17a-584 and therefore confinement under the most restrictive setting in maximum-security, is not appealable pursuant to Conn. Gen. Stat. Sec. 17a-597.

The defendants' conclusion is not compatible with the statuary scheme, it is well established that the Superior Court lacked subject matter jurisdiction to review the defendants' decisions confining acquittee's under conditions of maximum-security.

## VI. CONCLUSION

However inartfully pleaded by the plaintiff in his pro se complaint the complaint is adequate to enable him to pursue his claim. For the reasons set forth herein, as well as for the facts set forth in the Declaration, submitted with this Memorandum Of Law in Opposition, the plaintiff prays that defendants Motion to Dismiss be denied.

Alternatively, the plaintiff prays, that defendants Motion to Dismiss be denied and this action to be stayed pending the Superior Court review of plaintiff's appeal.

DATED: December 12, 2003

THE PLAINTIFF, PRO SE
ROBERT KALMAN

Respectfully Submitted

By: _____
Robert Kalman, Pro se
Whiting Forensic Institute
P.O. Box 70 O'Brien Dr.
Middletown, CT 06457
Tel: (860) 346 - 9408

## CERTIFICAT OF SERVICE

I hereby certify that a copy of the forgoing MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS, was mailed in accordance with Rule 5 (b) of the Federal Rules of Civil Procedure on this 12th, day of December 2003 to:

Richard J. Lynch
Assistant Attorney General

Henry A. Salton
Assistant Attorney General

Kerry Anne Colson
Assistant Attorney General

55 Elm Street, P. O. Box 120
Hartford, CT 06141 – 0120

Robert Kalman, Pro se,<br>
Whiting Forensic Institute