UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

| ROBERT KALMAN, PRO SE | : | PRISONER |
| --- | --- | --- |
| *Plaintiff,* | | |
| V. | : | Civil Action No. 3:03cv671 (DJS) (BRIDGEPORT CT) |
| ROBERT BERGER, et al., | : | |
| *Defendants,* | | January 4, 2003 |

### MOTION FOR ORDER TO SHOW CAUSE
### AND
### TEMPORARY RESTRAINING ORDER

NOW COMES the plaintiff, Robert Kalman and moves this Honorable Court for an Order to be entered upon defendants Robert Berger, John Ryan, Janet Williams, Silvia Cancela and Susan Blair, directing the defendants to fulfill the constitutional guarantees of the plaintiff's right to appropriate access to services and activities in the least restrictive and most integrated setting appropriate.

The plaintiff Robert Kalman hereby respectfully submits the accompanying declaration and memorandum of law in support of the motion and asserts the following facts:

1. The plaintiff Robert Kalman is confined under the most restrictive setting under conditions of maximum-security and he is deprived of appropriate treatment services, and increasing levels of freedom and responsibility for as much of his daily activities as clinically appropriate. The plaintiff is denied the very consideration of such, and is confined to a restrictive classification setting that affords him none of the considerations of civilly committed patients or other patients committed to the jurisdiction of the defendants Robert Berger, John Ryan, Janet Williams, Silvia Cancela and Susan Blair.

2. Following a trial before the Superior Court in Judicial District of New Haven and before a jury of six, the jury found the plaintiff not guilty by reason of mental disease or defect pursuant to Conn. Gen. Stat. Sec., 53a -13. The State's Attorney formally accused the

1

plaintiff, in open Court in New Haven County, of every detail alleged as the basis of the charges. The jury found the plaintiff not guilty by reason of mental disease or defect in open court with regard to every detail now alleged as the basis for plaintiff's confinement under the most restrictive setting under conditions of maximum security.

3. The State's Attorney brought multiple witnesses who testified in open Court. The Court found the plaintiff not to be so violent as to require confinement under the most restrictive conditions under conditions of maximum security pursuant to Conn. Gen. Stat. Sec., 17a-599.

4. The defendants Robert Berger, John Ryan, Janet Williams, Silvia Cancela and Susan Blair held an initial commitment hearing on January 10, 2003. On February 21, 2003, the defendants Robert Berger, John Ryan, Janet Williams, Silvia Cancela and Susan Blair issued a MEMORANDUM OF DECISION and ordered the plaintiff confined pursuant to Conn. Gen. Stat. Sec., 17a-599 in maximum-security.

5. The defendants decision and order contains no factual basis to support the conclusion that plaintiff suffers from a psychiatric disability that would warrant the extreme curtailment of liberty produced by the confinement under the most restrictive conditions under conditions of maximum-security pursuant to Conn. Gen. Stat. Sec., 17a-599.

6. From the day of the juries verdict 10/30/01, and while being in continuous State custody in maximum-security, a period of nearly two and a half years, the plaintiff did not engage in any threatening behaviors; he was non-violent; the evidence reveals that plaintiff's mental status is intact. The plaintiff remained continuously confined in most restrictive setting under conditions of maximum-security. The plaintiff hereby respectfully requests this Honorable Court to take judicial notice that in the case of Connelly v. Comm'r of Correction, 258 Conn. 394, 405-406, 780 A.2d 903 (2001), the Supreme Court of Connecticut held: "**that the loss of liberty is all the more profound** when the institution to which the patient has been **confined is a maximum security facility such as Whiting.**"

7. From the day of the jury verdict (10/30/01), the plaintiff never at any time while being in continuous State custody at the Institute requested any delay of proceedings. On the contrary, the plaintiff repeatedly, tirelessly and constantly advocated to State officials that his present confinement under conditions of maximum-security is unjustified and unconstitutional.

8. Plaintiff is confined in a maximum-security facility in a restrictive classification setting that severely diminishes his everyday life activity, including family relations, social contacts, being deprived of work, economic independence and ethnic cultural enrichment.

9. The plaintiff hereby respectfully requests the Honorable Court to take judicial notice of the fact that pro se plaintiff Robert Kalman is a member of a class pursuant to William Roe, et al., v. Michael Hogan, et al. Civil No.89-570 (PCD).

10. The plaintiff hereby respectfully requests the Honorable Court to take judicial notice of the fact that the REHABILITATION ACT of 1973 provides that: **[N]o otherwise qualified handicapped individual in the United States ...shall, solely by reason of handicap, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving federal assistance."** Moreover, 29 U.S.C., Sec., 794. Title II of the AMERICAN WITH DISABILITIES ACT, which extends Section 504's coverage to state and local governments, mirrors the language of Section 504, providing that: **"[N]o qualified individual with disabilities shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of the public entity, or be subject to discrimination by such entity."** The plaintiff has essentially the same rights under William Roe, et al., v. Michael Hogan, et al., AGREEMENT OF SETTLEMENT. That this right is enshrined not only in THE CONNECTICUT PATIENT BILL OF RIGHTS but goes back to the United States Constitution.

11. Plaintiff is deprived of supervised or unsupervised on-campus passes employment and other opportunities afforded to civilly committed patients and other patients committed to the

jurisdiction of the defendants Robert Berger, John Rayan, Janet Williames, Silvia Cancela and Susan Blair.

12. Plaintiff is denied the opportunity to exercise personal autonomy and responsibility for as much of his daily activities as clinically appropriate, in that he is restricted to levels of freedom that only allows him physical access to Whiting Forensic Institute courtyard regardless of his clinical status.

13. Plaintiff is deprived of and denied access to rehabilitative and/or leisure activities afforded to civilly committed patients and to other patients committed to the jurisdiction of the defendants Robert Berger, John Rayan, Janet Williames, Silvia Cancela and Susan Blair. Although this is not the appropriate time to delve into these matters in depth, plaintiff hereby respectfully requests this Honorable Court to take judicial notice of the cases following Jackson v. Indiana, U.S. 715, 92 S. Ct 1845 (1972). **(holding that different treatment of classes of mentally ill persons constituted violation of the Equal Protection Clause, and that failure of commitment procedures to ensure that the nature and duration of the commitment violates Due Process)**, and the fact that a non-judicial board such as the Psychiatric Security Review Board has the prerogative to keep the plaintiff under confinement for up to thirty five years under the most restrictive conditions.

14. The plaintiff is not allowed the consideration for temporary leaves, and is not eligible to be considered for conditional release until he is transferred to a less restrictive setting to the Dutcher Service of Connecticut Valley Hospital. Plaintiff is denied the equal opportunities available to others similarly situated and committed to the jurisdiction of the defendants Robert Berger, John Rayan, Janet Williames, Silvia Cancela and Susan Blair. He is automatically considered to be dangerous and treated unequally without regard for a individualized consideration of his current mental status and without a determination of whether participation in a particular program or activity would pose a danger to himself or to others.

15. The plaintiff has been confined under the most restrictive setting for a time period clearly in excess of statutory and constitutional limits, despite his own repeated demands for justice. The plaintiff would ask the Honorable Court to take judicial notice of the fact that in the case of Jones v. United States, the Supreme Court concluded that a verdict of not guilty by reason of insanity establishes two facts: **"(i) the defendant committed an act that constitutes a criminal offense, and (ii) he committed the act because of mental illness"**. But, as with a civil committee, an acquittee **"may be held as long as he is both mentally ill and dangerous, but no longer."** Citing, O'Connor v. Donaldson, (Holding Due Process violation for State to civilly confine a harmless mentally ill person). The Sixth Amendment to the U.S. Constitution states: "...the accused shall enjoy the right to a speedy and public trial".

16. Under professional judgment standards for determining whether the defendants Robert Berger, John Rayan, Janet Williams, and Susan Blair have satisfied its obligations under the due process clause, have they done so. In the present matter before the bench of this Honorable Court the defendants decision in confining plaintiff under the most restrictive conditions is such a substantial departure from accepted professional standards as it demonstrates that defendants did not actually base their decisions on professional judgement standard.

For all the forgoing reasons the under signed pro se, plaintiff prays the Court to set aside the defendants' motions related to discovery submitted by Assistant Attorney General Kerry Anne Colson. Plaintiff will be severely prejudiced as a direct consequence of the excessive and unnecessary delay, which is believed to be an intentional effort by the defendants to gain a tactical advantage. The defendants are in possession of the facts as they confined the plaintiff pursuant to Conn. Gen. Stat. Sec., 17a-599 under conditions of maximum security. Therefore this Honorable Court must set aside the defendants motions relating to discovery.

ACCORDINGLY, pro se, plaintiff respectfully prays this Honorable Court to enter a preliminary injunction pursuant to Rule 65(a), Fed. R. Civ. P., directing the defendants to fulfill the constitutional guarantees of the plaintiff's right to appropriate access to services and activities in the least restrictive setting appropriate.

RESPECTFULLY SUBMITTED,

DATED: JANUARY 4, 2004.

ROBERT KALMAN
THE PLAINTIFF
By: _____
Robert Kalman, Pro Se
Whiting Forensic Institute
P. O. Box 70 O' Brien Dr
Middletown, CT 06457

CERTIFICATE OF THE SERVICE

I hereby certify that a copy of the forgoing Motion was mailed in accordance with Rule 5 (b) of the Federal Rules of Civil Procedure on this 4, day of January 2004 to:

Richard J. Lynch
Assistant Attorney General

Henry A. Salton
Assistant Attorney General

Kerry Anne Colson
Assistant Attorney General

55 Elm Street, P. O. Box 120
Hartford, CT 06141 – 0120

_____
Robert Kalman, Pro se,
Whiting Forensic Institute

6