UNITED STATES DISTRICT COURT **FILED**
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT KALMAN, | : | PRISONER -8 P 2:30 |
| *Pro Se, Plaintiff,* | | |
| V. | : | Civil Action No. 3:03cv671 |
| | | (DJS) (TPS) BRIDGEPORT CT |
| ROBERT BERGER, et al., | : | |
| *Defendants,* | | December 25, 2003 |

## DECLARATION OF MARTIN F. DICKINSON

MARTIN F. DICKINSON declares under penalty of perjury:

1. I am over eighteen years of age and believe in the obligation of an oath. The forgoing statement is based upon my personal knowledge and I make this declaration willingly and executed as my free and voluntary act. I am confined to the Whiting Forensic Institute, the maximum-security service of Connecticut Valley Hospital (hereinafter Institute).

2. There is no Law Library at the Institute, the maximum-security service of Connecticut Valley Hospital. I read the Defendants' Response in the above captioned matter dated December 18th, 2003 attached to this declaration as Exhibit A.

3. The Institute has a Patient Library downstairs in the basement but not a Law Library.

4. Attached to this declaration as Exhibit B, is a copy of a Report describing events that had happened to me as resident of unit two at the Institute.

5. The attached Federal Report mirrors the ineffectiveness of the advocate services at the Institute. It also reflects the cruel reality of the treatment at the Institute. It is note worthy to

1

mention that the complaint that resulted in this Federal finding was filed with C.M.M.S. by a patient on my behalf and not by an advocate who is trained in the law.

6. We could use a Law Library. In fact the State should provide us with an Advocacy Program that is effective and interested in advocating for our rights.

Pursuant to 28 U.S.C., Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

December 24, 2003

*Martin F. Dickinson*
Martin F. Dickinson
Whiting Forensic Institute
70 O'Brien Drive
Middletown, CT 06457

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROY SASTROM & ROBERT KALMAN :
   *Plaintiffs*                 :     PRISONER
                                     :     CIVIL ACTION NO. 3:03 CV 671
                                     :     (DJS)(TPS)
v.                                      :
                                     :
ROBERT BERGER, JOHN RYAN,         :
JANET WILLIAMS, SYLVIA CANCELA, :
SUSAN BLAIR                         :
   *Defendants*                :     December 18, 2003

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION TO STAY DISCOVERY

The defendants, Robert Berger, John Ryan, Janet Williams, and Sylvia Cancela, do not object to the plaintiff's Motion for Extension of Time to Respond to Defendant's Motion to Stay Discovery. The defendants are filing this response to clarify the plaintiff's representation in his motion for extension of time that he does not have access to a law library at Whiting Forensic Institute ("Whiting"), a maximum-security mental health facility operated by the Department of Mental Health and Addiction Service to which the plaintiff is confined.

Contrary to the plaintiff assertion, there is a law library at Whiting, which the plaintiff has access to. If the law library at Whiting does not have the information sought by the plaintiff, personnel at Whiting will contact the Middletown Superior Court Law Library, which will provide copies of the requested information generally within 24 hours of receipt of such a request. A review of the plaintiff recently filed "Objection to Defendants Motion for Extension of Time Until Discovery has been

Completed to Respond to Motions for Summary Judgment" indicates that the plaintiff indeed has had access to the law library based on the plethora of legal authority cited in his motion.

███████████
██████████ER
JOHN RYAN
JANET WILLIAMS
SYLVIA CANCELA
SUSAN BLAIR

RICHARD BLUMENTHAL
ATTORNEY GENERAL

Richard J. Lynch
Assistant Attorney General

BY: /s/ Kerry Colson
Kerry A. Colson
Assistant Attorney General
Federal Bar No. 25241
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5210
Fax: (860) 808-5385
Kerry.Colson@po.state.ct.us



STATE OF CONNECTICUT

DEPARTMENT OF PUBLIC HEALTH

March 21, 2003

Garrell S. Mullaney, CEO
Connecticut Valley Hospital
Silver Street
Middletown, CT 06457

Dear Mr. Mullaney:

On **February 25, 2003** complaint investigations were concluded at your facility by the State of Connecticut, Department of Public Health, Division of Health Systems Regulation.

Enclosed is a statement of deficiencies (CMS-2567) noted during the investigation. A plan of correction (POC) for the deficiencies must be submitted by **April 4, 2003** to the Department.

Each plan of correction must be written on the Statement of Deficiencies, with identification of the staff member by title who had been designated the responsibility for monitoring the individual plan of correction submitted for each deficiency. Attachments may not replace the plan of correction. A completion date is required for each item for each deficiency and shall be documented in the designated column.

If you have any questions, please contact me at (860) 509-7400.

Sincerely,

Janet M. Williams, RN
Supervising Nurse Consultant
Division of Health Systems Regulation

Enclosure
JMW:ESA:zbj

R: forms/hospitalcvltr.



# STATE OF CONNECTICUT

DEPARTMENT OF PUBLIC HEALTH

May 7, 2003

Dr. Robert Kalman
Connecticut Valley Hospital
P.O. Box 70, O'Brien Drive
Middletown, CT 06457

Complaint #2003-0132

Dear Dr. Kalman:

Unannounced visits were made to Connecticut Valley Hospital on February 24 and 25, 2003 by a representative of the Division of Health Systems Regulation for the purpose of investigating your complaint.

Enclosed is a copy of the investigational report, which includes all information not otherwise privileged by law. Patient #1 pertains to this investigation.

Thank you for providing the Division the opportunity to respond to your concerns.

Respectfully,

Janet Williams, R.N.
Supervising Nurse Consultant
Division of Health Systems Regulation

JMW:lsl



| NAME OF PROVIDER OR SUPPLIER | | | STREET ADDRESS, CITY, STATE, ZIP CODE | |
|---|---|---|---|---|
| CONNECTICUT VALLEY HOSPITAL | | | SILVER STREET<br>MIDDLETOWN, CT 06457 | |
| (X4) ID<br>PREFIX<br>TAG | SUMMARY STATEMENT OF DEFICIENCIES<br>(EACH DEFICIENCY MUST BE PRECEEDED BY FULL<br>REGULATORY OR LSC IDENTIFYING INFORMATION) | ID<br>PREFIX<br>TAG | PROVIDER'S PLAN OF CORRECTION (EACH<br>CORRECTIVE ACTION SHOULD BE CROSS-<br>REFERENCED TO THE APPROPRIATE<br>DEFICIENCY) | (X5)<br>COMPLETE<br>DATE |
| A757 | 482.13(a)(2)(iii) Notice of Rights<br><br>In its resolution of the grievance, the hospital must provide the patient with written notice of its decision that contains the name of the hospital contact person, the steps taken on behalf of the patient to investigate the grievance, the results of the grievance process, and the date of completion.<br><br>This STANDARD is not met as evidenced by:<br><br>Documentation related to grievances filed by Patient #1 indicated that the facility failed to respond to the grievances in accordance with facility policies and procedures regarding Patient Grievances. According to Patient #1, a verbal grievance was filed with the Patient Advocate and the Division Director on 12/05/02 regarding the patient's prohibition from specific therapeutic activities, a restrictive diet policy and an episode of alleged seclusion on 12/05/02. The verbal grievance was followed by a written grievance dated 12/07/02. No written response to the patient's grievance was identified. Additionally, a written grievance alleging that staff discarded the patient's personal property and restricted use of writing materials was filed with the Human Resources Office on 12/24/02. A written response was forwarded to the patient until 01/27/03. Facility policy regarding Patient Grievances directs that the person making the grievance will be contacted no later than the next working day after the grievance is received by the Advocate or designee. Grievances should be investigated and resolved within ten to fourteen days from the date the Advocate received the grievance and the Patient's Rights Grievance Investigation Form should be completed within the identified time frames. Upon interview, the Patient Advocate did not recall a formal grievance related to treatment planning and the patient's restriction from activities. Although the Advocate did intervene on several occasions relative to the patient's complaints, no documentation of action taken or a response to the 12/07/02 grievance was completed. According to the Advocate, a copy of the grievance filed with the Human Resources was forwarded to him on or around 12/25/02. | A757 | 1. Policy and Procedure Revisions:<br>Connecticut Valley Hospital shall revise its Operational Policy and Procedure on Patient Grievances (OP&P 1.9) to be in keeping with the Department of Mental Health and Addiction Services procedures in terms of both guidelines and timeframes for processing grievances and in responding to grievances with standardized written forms. Specific revisions are as follows:<br>a. Client Rights Officers or their designee shall acknowledge receipt of grievances received within three business days utilizing the Client Grievance Acknowledgement Form, a copy to be given to the patient and or his/her personal representative.<br>b. CVH will respond to grievances within 21 days and allow an additional (7) days when grievances are appealed to the Executive Official, in line with DMHAS policy which allows (21) days to respond to grievances.<br>The Grievance procedure currently states that if a patient complaint is viewed as a work rule violation, the patient advocate will notify the person making the complaint that he/she may be interviewed by other hospital staff (affirmative action, human resources, hospital police). DMHAS grievance procedures specify that investigations revealing a work rule violation are referred to appropriate Human Resource personnel. Further revision of the hospital's grievance procedure will indicate that the Client Rights Officer shall notify the patient in writing of such referral and if possible the name and phone number of the person to whom the grievance was referred. Human Resources shall also develop and send a standardized form letter to the patient to acknowledge receipt of referrals within three (3) business days.<br>Client Rights Officers shall respond to all patient grievances utilizing the Notice of Proposed Resolution and Client Acknowledgement and Decision Form. Hospital policy will be revised to incorporate use of this form, timelines and additional procedures. Grievance responses shall also stipulate the nature of the complaint, references to alleged violations, results of fact findings and investigation and proposed resolution with applicable regulations and chapters. | June 30, 2003<br><br>Date revised 4/28/03 per telephone call Karen Rekashi CVH to AMMc A757<br><br>1. Policy Procedure revised May 9, 2003<br><br><br><br>May 2, 2003<br>(date) |

DEPARTMENT OF HEALTH AND HUMAN SERVICES
CENTERS FOR MEDICARE & MEDICAID SERVICES

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER IDENTIFICATION # | (X2) MULTIPLE CONSTRUCTION A. BUILDING | (X3) DATE SURVEY COMPLETED |
|---|---|---|---|
| | 074003 | B. WING | 02/25/03 complaint |

| NAME OF PROVIDER OR SUPPLIER: CONNECTICUT VALLEY HOSPITAL | STREET ADDRESS, CITY, STATE, ZIP CODE: SILVER STREET, MIDDLETOWN, CT 06457 |
|---|---|

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETE DATE |
|---|---|---|---|---|
| A240 | 482.41(C)  Facilities<br><br>Facilities, supplies, and equipment must be maintained to ensure an acceptable level of safety and quality. This ELEMENT is not met as evidenced by:<br><br>The facility failed to ensure that adequate facilities were provided to maintain the well-being of the patient. The patient's clinical record indicated that on 12/05/02, the patient became agitated and argumentative following an incident in which the patient was confronted regarding leaving a plastic utensil, which is on security count, on his tray after eating in the TV room. The patient was seen by the medical physician on duty and was placed on fifteen-minute checks until the treatment team could evaluate him. Documentation indicated that the patient remained argumentative, demanding and oppositional for most of the evening shift. The patient's roommates were asked if they would mind sleeping with a dimmer light on and when they objected, the patient moved to the "quiet room" for the night where the patient was required to sleep on a mattress on the floor. | A240 | 1. Change in Procedure:<br>In order to ensure that each patient is afforded proper sleeping accommodations consistent with his/her assessed clinical need, a revision of the Operational Policy & Procedure Special Observation is in the process of being enacted and promulgated to all staff. The procedure outlines requirements for safe and adequate sleeping arrangements for patients on special observation. Specific documentation requirements in the patient's medical record that outline the clinical rationale in providing alternate accommodations on or off the unit are included in the procedure.<br><br>2. Training and Education:<br>The Whiting Service will implement training and re-education of all nursing staff regarding the CMS section on facilities and the revision of the procedure that addresses adequate sleeping accommodations for patients who are on Special Observation. This education will focus on the specific area where we were found to be out of compliance and the revised procedure to be enacted to remedy this problem.<br><br>3. Performance Improvement:<br>A quarterly chart audit will be conducted on all patients who are placed on Special Observation. Such audits will focus on whether the documentation substantiates that such patients have been offered a bed which meet CMS Regulations either on or off the treatment unit. Where chart audits determine that the standard was not met, individual in-service re-education will be provided to remind staff of this requirement.<br><br>4. The Whiting Division Director is responsible for implementing these steps. | May 1, 2003<br><br><br><br><br><br><br><br><br><br>May 1, 2003<br><br><br><br><br><br><br><br><br><br>June 1, 2003 |

| NAME OF PROVIDER OR SUPPLIER: CONNECTICUT VALLEY HOSPITAL | | | STREET ADDRESS, CITY, STATE, ZIP CODE: SILVER STREET MIDDLETOWN, CT 06457 | |
|---|---|---|---|---|
| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETE DATE |
| A757 (con't) | | | information. All policy and procedure changes and training to be completed by June 30, 2003 for a July 1, 2003 implementation. 2. Performance Improvement Monitoring a. The Chief of Advocacy and Grievance Services shall institute a mechanism for monitoring the timeliness of the following indicators: 1. Receipt of Grievance and Acknowledgement within 3 business days. 2. Notice of Proposed Resolution within 21 days of grievance receipt. 3. Referred for Executive Official Review and Decision within 21 days or authorization of good cause justifying 15-day extension. 4. Referrals to and from HR are documented in writing per policy and within established timeframes. b. Data analysis to be done monthly and reported out quarterly to the Governing Body. c. The Chief of Advocacy and Grievance Services is responsible for ensuring that grievance responses and proposed resolutions qualitatively adhere to these established procedures. | (change) Policy + procedure training completed May 16, 2003 for a May 19, 2003 implementation July 1, 2003 (change) 2. June 1, 2003 implementation |

_[signature]_ Garrell S. Mullaney
Chief Executive Officer

_[signature]_ April 9, 2003
Date

## CERTIFICATION

I hereby certify that a copy of the forgoing <u>Declaration</u> was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 4th, day of October 2003 to:

Richard J. Lynch
Assistant Attorney General

Henry A. Salton
Assistant Attorney General

Kerry Anne Colson
Assistant Attorney General

55 Elm Street, P. O. Box 120
Hartford, CT 06141 – 0120

_____
Robert Kalman, Pro se,