UNITED STATES DISTRICT COURT **FILED**
DISTRICT OF CONNECTICUT

| ROBERT KALMAN, | : | |
| --- | --- | --- |
| *Pro Se, Plaintiff,* | | PRISONER 2004 JAN -8  P 2: 30 |
| V. | : | Civil Action No. 3: 03cv 671 (DJS)(TPS) US DISTRICT COURT BRIDGEPORT CT |
| ROBERT BERGER, et al., | : | |
| *Defendants,* | | December 24, 2003 |

## DECLARATION OF ANTHONY DYOUS

ANTHONY DYOUS declares under penalty of perjury:

1. I am over eighteen years of age and believe in the obligation of an oath. The forgoing statement is based upon my personal knowledge and I make this declaration willingly and executed as my free and voluntary act. I am presently confined to the Whiting Forensic Institute, the maximum-security service of Connecticut Valley Hospital (hereinafter Institute).

2. I spent approximately nine years at the Institute and I was never told that there is a Law Library at the Institute because there is no Law Library at the Whiting Forensic Service of Connecticut Valley Hospital. I read the Defendants' Response in the above captioned matter that is dated December 18th, 2003 and attached to this declaration as Exhibit A.

3. Contrary to the defendants' and the Assistant Attorney General's statement that "there is a law library at Whiting, which the plaintiff has access to." I have to say that the truth is that the defendants and the Attorney General are misleading the Court.

4. The Institute has a Patient Library that has a limited amount of legal materials but the Patient Library does not come close to a Law Library. Patients at the Institute are charged for using the copier, and the Institute makes a profit on the copier.

1

5. Pertaining to the second statement of fact in defendants' motion. "If the law library at Whiting does not have the information sought by the plaintiff, personnel at Whiting will contact the Middletown Superior Court Law Library, which will provide copies of the requested information generally within 24 hours of receipt of such a request." The truth is that I was never informed of this special service in all the years I've been here.

6. It was for the first time when I read the defendants' motion that "personnel will" do anything for a resident. The fact is that for years this Institution and many employees were engaging in threatening and intimidating tactics when a resident had the courage to exercise his Constitutional rights to file a civil action.

7. My attending psychiatrist had stated to me in 2002 and 2003 that I should sue him. The most disturbing of all to what had taken place at the Institute over the years is that under color of State Law employees have been using mechanical restraints as punishment.

8. The Health Care Finance Administration had cited this institution over and over for their abusive practices. The Federal findings are detailed in numerous reports.

9. It is also note worthy that recently the Institute and C.V.H. were also cited for not responding to patient grievances and the C.E.O. had to submit a plan of corrections. Now the Joint Commission is coming to Middletown to certify the facility.

10. The hospital administration is cleaning house and they are working hard to make things look good. Their actions are so superficial and fake, attempting to promote a healthy and therapeutic environment. They will be certified by JCOH because the hospital is paying for the certification.

11. I hope that the defendants and the Office of the Attorney General will make their statement become true and they will provide us with a Law Library sometime in the near future. As patients committed to the DMHAS are also by the decision of this Court supposed to be provided with access to the Court's.

12. There is the Connecticut Legal Rights Project that is established pursuant to Doe v. Hogan. The C.L.R.P. is under contract from the DMHAS and therefore is not willing to provide services to some residence. Also the Doe v. Hogan allows the C.L.R.P., to be selective in who they will represent.

13. It would be proper if the defendants' and the Attorney General would provide us with a Law Library at the Institute. They are stating in their motion to the Court that we have a Law Library at the Institute. I am also engaged in litigation against the defendants and I could use a Law Library or a Legal Assistance Program that will be interested in asserting and protecting my rights rather then providing lip service.

Pursuant to 28 U.S.C., Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

December 24, 2003

*Anthony Dyous*
Anthony Dyous
Whiting Forensic Institute
70 O'Brien Drive
Middletown, CT 06457
Tel: (860) 346 9408

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROY SASTROM & ROBERT KALMAN : <br> *Plaintiffs* : <br> : <br> v. : <br> : <br> ROBERT BERGER, JOHN RYAN, : <br> JANET WILLIAMS, SYLVIA CANCELA, : <br> SUSAN BLAIR : <br> *Defendants* : | PRISONER <br> CIVIL ACTION NO. 3:03 CV 671 <br> (DJS)(TPS) <br><br><br><br><br> December 18, 2003 |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION TO STAY DISCOVERY

The defendants, Robert Berger, John Ryan, Janet Williams, and Sylvia Cancela, do not object to the plaintiff's Motion for Extension of Time to Respond to Defendant's Motion to Stay Discovery. The defendants are filing this response to clarify the plaintiff's representation in his motion for extension of time that he does not have access to a law library at Whiting Forensic Institute ("Whiting"), a maximum-security mental health facility operated by the Department of Mental Health and Addiction Service to which the plaintiff is confined.

Contrary to the plaintiff assertion, there is a law library at Whiting, which the plaintiff has access to. If the law library at Whiting does not have the information sought by the plaintiff, personnel at Whiting will contact the Middletown Superior Court Law Library, which will provide copies of the requested information generally within 24 hours of receipt of such a request. A review of the plaintiff recently filed "Objection to Defendants Motion for Extension of Time Until Discovery has been

Completed to Respond to Motions for Summary Judgment" indicates that the plaintiff indeed has had access to the law library based on the plethora of legal authority cited in his motion.

**DEFENDANTS
ROBERT BERGER**
**JOHN RYAN**
**JANET WILLIAMS**
**SYLVIA CANCELA**
**SUSAN BLAIR**

RICHARD BLUMENTHAL
ATTORNEY GENERAL

Richard J. Lynch
Assistant Attorney General

BY: _____
Kerry A. Colson
Assistant Attorney General
Federal Bar No. 25241
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5210
Fax: (860) 808-5385
Kerry.Colson@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the forgoing <u>Declaration</u> was mailed in accordance with Rule 5 (b) of the Federal Rules of Civil Procedure on this 4th, day of October 2003 to:

Richard J. Lynch
Assistant Attorney General

Henry A. Salton
Assistant Attorney General

Kerry Anne Colson
Assistant Attorney General

55 Elm Street, P. O. Box 120
Hartford, CT 06141 – 0120

*[signature]*
Robert Kalman, Pro se,