UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROY SASTROM & ROBERT KALMAN | : | |
|    *Plaintiffs* | : | PRISONER |
| | : | CIVIL ACTION NO. 3:03 CV 671 |
| | : | (DJS)(TPS) |
| v. | : | |
| | : | |
| ROBERT BERGER, JOHN RYAN, | : | |
| JANET WILLIAMS, SYLVIA CANCELA, | : | |
| SUSAN BLAIR | : | |
|    *Defendants* | : | January 9, 2004 |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

The defendants filed a motion to dismiss dated December 2, 2003 with the court on the basis of abstention under Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).   On December 18, 2003, the plaintiff filed an objection to the defendants' motion to dismiss.   The defendants hereby respectfully submit this reply brief in response to issues raised by the plaintiff.

In determining whether Younger abstention applies in a particular case, the Second Circuit has set forth a three prong test: "(1) whether there is an ongoing state proceeding; (2) whether an important state interest is involved; and (3) whether the federal plaintiff has an adequate opportunity for judicial review of his [federal] constitutional claims during or after the proceeding."  University Club v. New York, 842 F.2d 37, 40 (2d Cir. N.Y. 1998).

In his Memorandum of Law, the plaintiff does not dispute that there is an ongoing state proceeding involving the same decision of the Psychiatric Security Review Board ("PSRB") that is the subject of this federal lawsuit.   Nor does the plaintiff

challenge that an important state interest is involved. Rather, the plaintiff appears to be arguing that the defendants have not met the requirements of the third prong of the Younger abstention test.

As the plaintiff correctly notes, pursuant to Dyous v. Psychiatric Security Review Board, 264 Conn. 766 (2003) and several superior court decisions, an acquittee is prohibited from appealing under the Uniform Administrative Procedure Act ("UAPA") an order of the PSRB transferring an acquittee to a maximum security hospital under Conn. Gen. Stat. § 17a-599. Therefore, the plaintiff maintains that he would not be afforded the opportunity to raise his federal lawsuit claims, alleging violations of the Americans with Disabilities Act ("ADA") and the Fourteenth Amendment to the United States Constitution, in the pending state proceeding. The plaintiff's argument is not meritorious.

To analyze the plaintiff's claims it is necessary to briefly examine the relevant statutory provisions and case law governing the PSRB. The PSRB is a board established pursuant to Conn. Gen. Stat. § 17a-580 (1) and charged with jurisdiction over acquittees. An acquittee is as person having been found not guilty by reason of mental disease or defect pursuant to Conn. Gen. Stat. § 53-13. Within ninety days of an order by the superior court committing an acquittee to the jurisdiction of the PSRB, a hearing must be held by the PSRB to review an acquittee's commitment to its jurisdiction. Conn. Gen. Stat. § 17a-583.[1] By statute, the PSRB is required to make a finding as to the

---

[1] Section 17a-583 of Conn. Gen. Stat. provides: "(a) The board shall conduct a hearing to review the status of the acquittee within ninety days of an order committing the acquittee to the jurisdiction of the board, provided, if the court has recommended consideration of conditional release, the board shall, absent good cause shown, conduct a hearing to review the status of the acquittee at its next regularly scheduled meeting.
   "(b) At any hearing held pursuant to this section, the board shall make a finding and act pursuant to section 17a-584."

2

acquittee's mental condition, considering its primary concern is the protection of society, and order one of three results: discharge from custody, conditional release or continued confinement. Conn. Gen. Stat. §§ 17a-583, 17a-584.[2] If it is determined that the acquittee is a "person who should be confined," as in the plaintiff's case, the PSRB can order that person confined to a hospital for psychiatric disabilities for care, custody and treatment.[3] Conn. Gen. Stat. § 17a-584 (3). Once the PSRB determines that an acquittee is mentally ill and should be confined, Conn. Gen. Stat. § 17a-599 mandates the PSRB to make a "further determination" as to whether the acquittee is "so violent as to require confinement under conditions of maximum security." Conn. Gen. Stat. § 17a-599.[4]

---

[2] Section 17a-584 of Conn. Gen. Stat. provides: "At any hearing before the board considering the discharge, conditional release or confinement of the acquittee, except a hearing pursuant to section 17a-592 or subsection (d) of section 17a-593, the board shall make a finding as to the mental condition of the acquittee and, considering that its primary concern is the protection of society, shall do one of the following:

"(1) If the board finds that the acquittee is a person who should be discharged, it shall recommend such discharge to the court pursuant to section 17a-593.

"(2) If the board finds that the acquittee is a person who should be conditionally released, the board shall order the acquittee conditionally released subject to such conditions as are necessary to prevent the acquittee from constituting a danger to himself or others.

"(3) If the board finds that the acquittee is a person who should be confined, the board shall order the person confined in a hospital for psychiatric disabilities or placed with the Commissioner of Mental Retardation for custody, care and treatment."

[3] "Person who should be confined" means "an acquittee who has psychiatric disabilities . . . to the extent that his discharge or conditional release would constitute a danger to himself or others and who cannot be adequately controlled with available supervision and treatment on conditional release." Conn. Gen. Stat. § 17a-580(10).

[4] Section 17a-599 of Conn. Gen. Stat. provides: "At any time the court or the board determines that the acquittee is a person who should be confined, it shall make a further determination of whether the acquittee is so violent as to require confinement under conditions of maximum security. Any acquittee found so violent as to require confinement under conditions of maximum security shall not be confined in any hospital for psychiatric disabilities or placed with the Commissioner of Mental Retardation unless such hospital or said commissioner has the trained and equipped staff, facilities or security to accommodate such acquittee."

3

The Connecticut Supreme Court recently, in <u>Dyous v. Psychiatric Security Review Board</u>, 264 Conn. 766 (2003), had occasion to interpret the statutory scheme governing an acquittee's right to file an administrative appeal from a determination made by the PSRB under Conn. Gen. Stat. § 17a-599.  (Exhibit A.)  In that case, the plaintiff, Anthony Dyous, filed an administrative appeal under the Uniform Administrative Procedure Act ("UAPA"), Conn. Gen. Stat. §  4-183, from a decision by the PSRB transferring the plaintiff from a less restrictive setting to a maximum security facility under Conn. Gen. Stat. § 17a-599.  The trial court dismissed the plaintiff's appeal on the grounds of subject matter jurisdiction and rendered judgment in favor of the PSRB.

Upholding the trial court dismissal, the Connecticut Supreme Court determined that there is no right to appeal under the UAPA a determination of the PSRB transferring an acquittee to a maximum security facility pursuant to Conn. Gen. Stat. § 17a-599.[5] <u>Dyous v. Psychiatric Security Review Board</u>, 264 Conn. 766, 767(2003)  The Supreme Court reasoned that the plain language of Conn. Gen. Stat. § 17a-597 (a) limits the right to appeal to a determination by the PSRB regarding an acquittee's conditional release or

---

[5] The plaintiff argues extensively in his Memorandum of Law that his appeal in state court is not based on the PSRB's finding under General Statutes § 17a-599 because there is no right to appeal such a determination. (Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss, p. 11.) This argument does not comport with the allegations set forth in the plaintiff's state court complaint. Specifically, the plaintiff maintains in his state court proceeding that the PSRB's decision has violated the plaintiff substantial rights in that the plaintiff "is not 'so violent' as to require confinement under maximum security conditions;" the plaintiff "right to be confined in the least restrictive setting has bee violated;" and "to the extent to which the Board has construed 'so violent as to require confinement under conditions of maximum security' to included the plaintiff within the class of individuals to which it applies violated Article 1, §§ 8, 20 of the Connecticut Constitution, Article XXI of the Amendments to the Connecticut Constitution and Amendment XIV of the United States Constitution." (Exhibit B, Administrative Appeal by Robert Kalman, p. 6 ¶¶ (d), (e) and (f).) The plaintiff brought these allegations in state court despite the extensive case law cited by the plaintiff to this court that he is prohibited from appealing such a decision and his assertion that he <u>has not done so</u>.

4

continued confinement under Conn. Gen. Stat. § 17a-584 (2) or (3), respectively.[6]  Id., 775.  The court noted that the plaintiff had appealed an order made pursuant to Conn. Gen. Stat. § 17a-599, which is not enumerated as an appealable decision under Conn. Gen. Stat. § 17a-597.  Id.  The court went on to conclude that those PSRB decisions set forth in Conn. Gen. Stat. § 17a-597 as appealable to the Superior Court are intended by the legislature to be exclusive.  Id.  Accordingly, the PSRB's decision regarding the level of confinement under Conn. Gen. Stat. § 17a-599 was not appealable under the UAPA.  Id., 775-76.

Dyous does not, however, affect an acquittee's statutory right to appeal an order of confinement by the PSRB entered pursuant to Conn. Gen. Stat. § 17a-584 (3).  Conn. Gen. Stat. §§ 4-186(f)[7], 17a-597.  In fact, Dyous explicitly upholds such a right of appeal. Id., 774-75.

In his Memorandum of Law, the plaintiff states emphatically that his state court proceeding is an appeal under General Statutes § 17a-584 of the PSRB's determination that the plaintiff is a person who should be confined to a hospital for care, custody and treatment.  As stated above, such an appeal is authorized by Conn. Gen. Stat. § 17a-597.  (Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss, p. 5.)  Neither the UAPA nor §§ 17a-584 and 17a-597 of the Connecticut General Statutes bar

---

[6] Conn. Gen. Stat. § 17a-597 states: "(a) Any order of the board entered pursuant to subdivision (2) or (3) of section 17a-584 or pursuant to section 17a-587 may be appealed to the Superior Court pursuant to section 4-183.  The board shall give notice of the right to judicial review to the acquittee, counsel for the acquittee and the state's attorney.
    "(b) A decision by the board that the acquittee is a person who should be discharged made pursuant to subdivision (1) of section 17a-584, section 17a-592 or subsection (d) of section 17a-593 shall not be subject to judicial review pursuant to section 4-183."

[7] Conn. Gen. Stat. § 4-186(f) provides, in pertinent part: "The provisions of section 4-183 shall apply to the Psychiatric Security Review Board in the manner described in section 17a-597. . . ."

5

the interposition of the plaintiff's federal statutory and constitutional claims in the pending state court action.[8] The state court proceeding would provide the plaintiff with the opportunity to pursue his claims that the PSRB's decision ordering the plaintiff confined to a hospital for care, custody and treatment violates the ADA and his right to due process under the 14th Amendment to the United States Constitution, 42 U.S.C § 1983.  See Griffin Hospital v. Commission on Hospitals and Health Care, 200 Conn. 489 (1986); Doe v. Connecticut Dep't of Health Services, 75 F.3d 81 (2d Cir. Conn. 1996). Therefore, the state court proceeding affords the plaintiff with an adequate opportunity for judicial review of his federal claims.

As the Second Circuit has held:  "[U]nless state law clearly bars the interposition of the constitutional [or federal] claims, and so long as there is not a showing of bad faith, harassment, or some other extraordinary circumstances that would make abstention inappropriate, the federal courts should abstain. . . . Younger itself explained that exceptions to abstention should be made only on a showing of bad faith, harassment, or other . . . unusual circumstances."  (Citations omitted; emphasis added; internal quotation marks omitted.)  Kirschner v. Klemons, 225 F.3d 227, 233 (2d Cir. N.Y. 2000.)  The plaintiff cannot demonstrate that the Younger exceptions are applicable.

The plaintiff also states that "he is not eligible to be considered for conditional release until he is transferred to a less restrictive setting."  (Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss, p. 15.)   There is nothing in

---

[8]Conn. Gen. Stat. §  4-183(c) of the UAPA allows a plaintiff to claim an agency's finding, inferences, conclusions or decisions are in violation of constitutional or statutory provisions.  The defendants would direct the court's attention to page 6, paragraph (d) of the plaintiff's state court complaint, in which the plaintiff has alleged a violation of the United States Constitution, Amendment XIV by the PSRB in rendering its decision .  (Exhibit B, Administrative Appeal by Robert Kalman, p. 6 ¶ (d).)  Accordingly, the plaintiff cannot in good faith assert to this court that he is prevented from raising federal constitutional and statutory claims in an administrative appeal.

6

statutes governing the PSRB which prevent an acquittee, who is confined to a maximum secured facility, from applying for conditional release.[9]  Conn. Gen. Stat. § 17a-588; see also §§ 17a-585, 17a-584.  Conn. Gen. Stat. § 17a-588 (b) authorizes an acquittee or another person acting on his behalf to apply to the PSRB for an order of conditional release <u>at any time</u> after the confinement of an acquittee in a hospital for psychiatric disabilities.  Such application for conditional release "shall not be filed more often than once every six months from the date of the initial hearing on a first application held pursuant to section 17a-583."  Conn. Gen. Stat. § 17a-588 (b).

In fact, despite this representation by the plaintiff, his attorney has filed on the plaintiff's behalf an application for conditional release and a hearing on the plaintiff's application was scheduled before the PSRB for November 14, 2003 and continued by the PSRB to January 23, 2004 to allow the plaintiff to formulate a "more comprehensive proposal" for conditional release.  (See Exhibit C, Plaintiff's Application for Conditional Release and Exhibit D Transcript of November 14, 2003 Hearing, p.3.)   Mr. Kalman was present at this hearing. (Exhibit D.)   While the plaintiff notes that he is pro se and should be held to less stringent standards, these less stringent standards do not permit the plaintiff to engage in untruths when making representations to the court.   This is the third misrepresentation to the court by the plaintiff in this action.   (See Infra Footnote 5; Exhibit E, Defendant's Response to the Plaintiff's Motion for Extension of Time to Respond to Defendants' Motion to Stay Discovery.)

Assuming arguendo that the plaintiff application for conditional release is denied, the plaintiff may file, and his attorney has indicated that he will most likely pursue,

---

[9] "Conditional release" means "release subject to the jurisdiction of the board for supervision and treatment on an outpatient basis and includes, but is not limited to, the monitoring of mental and physical health treatment." Conn. Gen. Stat. § 17a-580 (3).

7

another administrative appeal in state court seeking reversal of that decision.  (See Exhibit D, p. 3.)  Additionally, the plaintiff would have the option of pursuing a declaratory ruling with the PSRB, which would enable the plaintiff to raise a decision made by the PSRB under Conn. Gen. Stat. 17a-599.   See Conn. Gen. Stat. §§  4-175, 4-176.

Most importantly, the plaintiff, at his January 21, 2004 hearing before the PSRB, has an adequate opportunity to raise his current federal ADA and 14th amendment claims before the PSRB.  The defendants would assert this as an additional ground for the Court to grant its motion to dismiss.  Younger abstention has been applied to administrative proceedings in which the state has an important interest.  Huffman v. Pursue, Ltd., 420 U.S. 592, 603-06 (1975).

Equally noteworthy, the plaintiff also mischaracterizes to this court the trial court's discussion on the record at his sentencing hearing.  (Plaintiff Memorandum of Law in Opposition to Defendant's Motion to Dismiss, p. 1.)  The plaintiff takes solace in the trial courts statement that there was insufficient evidence to find that the plaintiff is so violent as to require a commitment under conditions of maximum security.   The plaintiff omits from his discussion to this court that the trial court, Judge Lubbie Harper, found that the plaintiff "remains a danger both to himself and [to] the community," that "the potential for violence exists," and that an environment that is a highly structured would be in the plaintiff's best interest.   Judge Harper then proceeded to order the plaintiff committed "to the jurisdiction of the psychiatric review board at the maximum setting of the Whiting Forensic Division of the Connecticut Valley Hospital pending a hearing

8

before the board under section 17a-583 of the Connecticut General Statutes." (Exhibit F, Excerpt from Transcript of Judge Lubbie Harper, pp. 52-53.)

In conclusion, the defendants' respectfully request that the court grant its motion to dismiss based on abstention.

          **DEFENDANTS**
          **ROBERT BERGER,**
          **JOHN RYAN,**
          **JANET WILLIAMS,**
          **SYLVIA CANCELA, and**
          **SUSAN BLAIR**

          RICHARD BLUMENTHAL
          ATTORNEY GENERAL
          Richard J. Lynch
          Assistant Attorney General

BY: _____
          Kerry A. Colson
          Assistant Attorney General
          Federal Bar No. 25241
          55 Elm Street, P.O. Box 120
          Hartford, CT  06141-0120
          Tel: (860) 808-5210
          Fax: (860) 808-5385
          Kerry.Colson@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing *Defendants' Response to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss* was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 9th day of January, 2004 first class postage prepaid to:

Robert Kalman, Pro Se
Whiting Forensic Division
70 O'Brien Dr.
Middletown, CT  06457

_____
Kerry A. Colson
Assistant Attorney General