UNITED STATES DISTRICT COURT    FILED

DISTRICT OF CONNECTICUT  2004 FEB 10  A 8: 35

U.S. DISTRICT COURT
HARTFORD, CT.

ROY SASTROM &         :
ROBERT KALMAN         :
                      :          PRISONER
       v.             :   Case No. 3:03CV671(DJS)(TPS)
                      :
ROBERT BERGER, et al. :

RULING ON DEFENDANTS' MOTION TO DISMISS

Plaintiffs, Roy Sastrom ("Sastrom") and Robert Kalman ("Kalman"), were found not guilty of criminal charges by reason of mental disease or defect and are confined at the Whiting Forensic Division ("Whiting") of the Connecticut Valley Hospital under the supervision of the Psychiatric Security Review Board ("PSRB"). Whiting is a maximum-security mental health facility. They challenge their confinement at Whiting rather than in a less restrictive housing unit. Defendants are members of the PSRB.

On July 28, 2003, all claims asserted by Sastrom were dismissed because he failed to comply with the court's order that he submit the forms required for him to proceed in forma pauperis. Defendants have moved to dismiss Kalman's claims on the ground that the court should abstain under Younger v. Harris, 401 U.S. 37 (1971). For the reasons that follow, defendants' motion is granted.

I.   <u>Standard of Review</u>

When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. <u>See</u> <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>Thomas v. City of N.Y.</u>, 143 F.3d 31, 37 (2d Cir. 1998). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. <u>See</u> <u>Tarshis v. Riese Org.</u>, 211 F.3d 30, 35 (2d Cir. 2000); <u>Cooper v. Parsky</u>, 140 F.3d 433, 440 (2d Cir. 1998). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." <u>Branham v. Meachum</u>, 77 F.3d 626, 628 (2d Cir. 1996) (quoting <u>Grant v. Wallingford Bd. of Educ.</u>, 69 F.3d 669, 673 (2d Cir. 1995) (internal quotations omitted)). In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." <u>Samuels v. Air Transport Local 504</u>, 992 F.2d 12, 15 (2d Cir. 1993). The Second Circuit "ordinarily require[s] the district courts to give substantial leeway to pro se litigants." <u>Gomes v. Avco Corp.</u>, 964 F.2d 1330, 1335 (2d Cir. 1992).

2

II. Facts

On October 20, 2001, Kalman was acquitted by reason of mental disease or defect on charges of illegal possession of explosives, failure to appear and risk of injury. On September 25, 2002, the Connecticut Superior Court ordered Kalman committed to the jurisdiction of the PSRB for a period of time not to exceed thirty-five years and confined at Whiting.

Pursuant to state law, the PSRB held a hearing on January 10, 2003, to review Kalman's commitment. The statute, Connecticut General Statutes § 17a-584, requires the PSRB to make a finding on Kalman's mental condition and order a discharge from custody, conditional release or continued confinement. On February 21, 2003, the PSRB issued a memorandum of decision in which it determined that Kalman should be confined within a maximum security setting at Whiting.

Through counsel, Kalman commenced an action in state court challenging the PSRB decision. (See Kalman v. Psychiatric Sec. Review Bd., Docket No. 520204 (Conn. Super. Ct. Mar. 19, 2003) (Defs.' Mot. Dismiss Ex. A).)[1]  Kalman challenges the decision

---

[1] The court takes judicial notice of the PSRB decision and Kalman's state court complaint. See Lumen Constr., Inc. v. Brant Constr. Co., 780 F.2d 691, (7th Cir. 1985) (appellate court took judicial notice of state pleadings filed after district court issued its decision); In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984) (alerting state courts to recent filings by plaintiff to enable them to take judicial notice of new litigation and

3

pursuant to Connecticut General Statutes §§ 4-183 and 17a-597. He argues, *inter alia*, that the PSRB's decision lacks a factual basis to support its determination that Kalman should remain confined, violates Kalman's right to be confined in the least restrictive setting and denied him due process in violation of his rights under the Fourteenth Amendment.

In addition, Kalman has filed in state court a petition seeking conditional release. A hearing on both Kalman's petition and an application by Whiting staff to transfer Kalman to a less restrictive setting was scheduled for January 23, 2004.

By complaint dated April 1, 2003, Kalman and Sastrom commenced this action challenging the findings, at their respective PSRB hearings, that they should be confined at Whiting. By amended complaint dated August 20, 2003, Kalman continues to challenge the portion of the PSRB decision determining that he should be confined at Whiting on the ground that the decision violates his rights under the ADA.

III. Discussion

In his amended complaint, Kalman seeks a declaratory judgment that the defendants' decision that he be confined at

---

possibly enjoin plaintiff from filing in state court); Adams v. West Bend Mut. Ins. Co., 1993 WL 114558, at *1 (N.D. Ill. Apr. 5, 1993) (taking judicial notice of filings in state court when resolving abstention issue).

4

Whiting violates his rights under the Fourteenth Amendment and the Americans with Disabilities Act. The defendants have moved to dismiss the action on the ground that the court should abstain from entertaining this claim under Younger v. Harris, 401 U.S. 37 (1971).

The Younger doctrine of abstention expresses "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982); Younger, 401 U.S. at 45. "[I]nterests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." Hawaii Hous. Auth. v. Midkiff, 467 U.S. 229, 237-38 (1984). Younger abstention applies primarily when the federal court is asked to enjoin state criminal actions. The doctrine has been extended, however, to administrative proceedings in which the state has an important interest. See Huffman v. Pursue, Ltd., 420 U.S. 592, 603-06 (1975). Although Kalman seeks a declaratory judgment rather than an injunction, Younger's federalism concerns still are present. See Samuels v. Mackell, 401 U.S. 66 (1971). If a declaratory judgment were entered and the state continued the challenged conduct, the next

5

issue is enforcement, *i.e.*, an injunction prohibiting the conduct.

The Second Circuit has established a three-part test for determining whether abstention pursuant to <u>Younger</u> is appropriate. The district court should abstain where: (1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the plaintiff may raise his constitutional claim in the state proceeding. See <u>Christ the King Reg'l High Sch. v. Culvert</u>, 815 F.2d 219, 224 (2d Cir. 1987).

Neither party contests the existence of an ongoing state proceeding or that determining the custody requirements of persons confined under the jurisdiction of the PSRB is an important state interest. Thus, the court will focus on the third factor.

"So long as a plaintiff is not barred on procedural or technical grounds from raising alleged constitutional infirmities, it cannot be said that state court review of constitutional claims is inadequate for <u>Younger</u> purposes." <u>Hansel v. Town Court for the Town of Springfield, New York</u>, 56 F.3d 391, 394 (2d Cir.), <u>cert. denied</u>, 516 U.S. 1012 (1995). Thus, the court must determine whether Kalman is barred from raising a Fourteenth Amendment or ADA challenge to the PSRB order.

6

Kalman argues that the motion to dismiss should be denied because he is not attempting to enjoin state court proceedings. As stated above, the Younger doctrine applies to declaratory judgment actions as well as actions seeking injunctive relief. Thus, Kalman's argument is without merit.

Kalman contends that he cannot assert his federal claims in the state proceeding. He directs the court to Dyous v. Psychiatric Sec. Review Bd., 264 Conn. 766 (2003), and other decisions from the Connecticut Superior Court. These cases hold that an acquittee may not file an appeal pursuant to the Uniform Administrative Procedure Act ("UAPA") of a PSRB order, issued pursuant to Connecticut General Statutes § 17a-599, transferring him to a maximum security hospital. Kalman argues that his inability to appeal the order pursuant to the UAPA denies him the ability to raise his Fourteenth Amendment and ADA claims in state court. Kalman also argues that the issues included in his complaint are distinct from the issues in the state proceeding. He characterized this action as challenging the determination pursuant to section 17a-599 only and the state proceeding as challenging the remainder of the decision of the PSRB.

A careful reading of the complaint and the state court papers reveals that the issues are not distinct. In both actions, Kalman challenges the February 21, 2003 PSRB decision.

7

Also, Kalman's place of confinement is directly at issue in his other pending state proceeding, his request for conditional release and Whiting's application for his transfer to a less restrictive setting. A favorable determination in state court would moot Kalman's federal claims. Thus, it would be inappropriate for this court to interfere with the state court's consideration of the claims.

The Second Circuit has held that "it is sufficient under Middlesex that constitutional claims may be raised in state-court judicial review of the administrative proceeding." Doe v. Connecticut Dep't of Health Servs., 75 F.2d 81, 85 (2d Cir. 1996) (internal quotation marks and citation omitted). The Second Circuit applied the same reasoning to a federal statutory claim under the ADA. See id. Thus, as long as Kalman can raise his Fourteenth Amendment and ADA claims as defense in on-going state proceedings, abstention under Younger is appropriate.

A review of the state court papers reveals that, despite his contention that he cannot raise the federal claims in the state proceeding, Kalman has included his Fourteenth Amendment claim in the action he filed in Connecticut Superior Court. He has identified no statute that would have prevented him from also including his ADA claim. Thus, abstention is appropriate.

There are exceptions to the Younger doctrine. Although the

8

contours of the exceptions have been the subject of much litigation, they remain indistinct. See Saunders v. Flanagan, 62 F. Supp. 2d 629, 634 (D. Conn. 1999) (citing cases). Generally, the exceptions fall into two categories: extraordinary circumstances which would result in irreparable harm should the court decline to enjoin state proceedings and prosecution in bad faith.

Kalman does not contend that any exception applies in this case. Because he seeks declaratory, rather than injunctive, relief the court cannot identify any extraordinary circumstances that would require the court to entertain the merits of the action. In addition, there are no allegations of bad faith in connection with either state proceeding. Thus, the exceptions to the Younger doctrine are inapplicable.

The Court has concluded that Kalman can raise his Fourteenth Amendment and ADA claims in his state court action challenging the PSRB's order of confinement rather than conditional release, at the hearing on the petition for conditional release and application for transfer and, additionally, by way of appeal once a final order on the petition or application is issued. Thus, comity requires the court to abstain from exercising the jurisdiction which it possesses over Kalman's section 1983 claims.

IV. Conclusion

Defendants' Motion to Dismiss [**doc. #39**] is **GRANTED**. The Clerk is directed to enter judgment in favor of the defendants and close this case. Because this case has been dismissed, all other pending motions [**docs. ##23, 25, 29, 30, 34, 35, 38, 46**] are **DENIED** as moot.

**SO ORDERED** this 9th day of February, 2004, at Hartford, Connecticut.

/s/DJS
_____
Dominic J. Squatrito
United States District Judge

10